IN THE

# COURT OF APPEALS

OF

# MARYLAND.

---

## DECEMBER TERM, 1830.

### OWINGS, et al. vs. OWINGS.—*December*, 1830.

An appeal from a decree of the Chancellor cannot properly be taken, after the death of the only complainant in the cause, in the name of such complainant; and neither the appearance of the representatives of the deceased party, after a suggestion of the death in the appellate court, nor the appearance of the other party there, cures the defect. The court on motion dismissed such an appeal.

The Act of 1785, ch. 80, sec. 1, (to prevent the abatement of actions) does not apply to causes in the appellate court.

The Acts of 1806, ch. 90, sec. 11, and 1815, ch. 149, sec. 5, 6, relate to causes in the Court of Appeals, but neither of them relates to an appeal prayed from Chancery in the name of a deceased person.

APPEAL from the Court of Chancery. Motion to dismiss the appeal.

In this case a bill was filed on the 21st of May, 1825, by *Colegate D. Owings*, against the appellee, *Charlotte C. D. Owings*.

On the 20th February, 1828, *Bland*, Chancellor, decreed in favor of the defendant, from which decree, an appeal was taken, to the then ensuing *June* term of the Court of Appeals, in the name of the complainant, *Colegate D. Owings*.

The facts of the case are sufficiently stated by the Judge who delivered the opinion of this Court.

VOL. III.—1

The motion was argued before BUCHANAN, Ch. J., MARTIN, and STEPHEN, J.

*Johnson,* for the appellant.

By the appearance of the appellee, the objection to the irregularity of the appeal is waived.

If the appellee had not appeared, the appeal would have been discontinued, and a new appeal taken within the time required by law, by the proper parties. That time having now elapsed, the appellants are without remedy, if the present appeal is dismissed. He referred to the Acts of 1806, *ch.* 90, *sec.* 11, and 1815, *ch.* 149, *sec.* 5, 6.

*Scott* supported the motion.

BUCHANAN, Ch. J., delivered the opinion of the court.

This case is brought before us, on a motion to dismiss the appeal.

The decree of the Chancellor, which it is sought to have reviewed in this court, was passed on the 20th February, 1828, in favor of the defendant. From that decree, an appeal was prayed by the solicitor, for *Colegate D. Owings,* (who had been complainant in Chancery,) on the 14th of March, 1828, which was allowed, and the record was brought up to the *June* term, 1828, when there was an appearance of counsel for *Charlotte C. D. Owings,* the defendant. At the same term, a motion to dismiss the appeal, appears to have been entered. On the 18th of November, 1828, an affidavit of the death of *Colegate D. Owings,* was filed, in which it is stated, that she died on the 1st *March,* 1828, before the appeal was prayed, and at the *June* term, 1829, the heirs at law of *Colegate D. Owings,* appeared in the case to prosecute the appeal.

The motion to dismiss the appeal is founded on the fact, supported by affidavit, that the nominal appellant, *Colegate D. Owings,* was dead at the time the appeal was prayed, and that the record was improperly brought up; and the question is, whether the objection to the case being entertained, has been removed, either by the appearance of coun-

sel for the defendant, or of the heirs at law of *Colegate D. Owings ?*

It has been decided in *Roche vs. Johnson and wife,* by this court sitting on the *Eastern* Shore, at *June* term, 1806, that cases in this court are not within the provisions of the act of 1785, *ch.* 80, *sec.* 1. But if it was otherwise, and that act could be held to relate to suits in this court, this is not a case to which it could apply. That act provides against an action abating by the death of either party after suit brought, and authorises the appearance of those interested, but makes no provision for the case of a suit brought in the name of a dead person.

The acts of 1806, *ch.* 90, *sec.* 11, and 1815, *ch.* 149, *sec.* 5, 6, do relate to cases in the Court of Appeals, but neither of them embrace a case such as this. The former of those acts only providing, that if either of the parties to a cause in the Court of Appeals, shall die, after the cause has been put under rule argument, it shall not therefore abate, but that the court shall give judgment, as if such deceased party were alive. And the latter providing for the case of the death of an appellant, or plaintiff in error, *after* an appeal has been made, or writ of error brought, and directing that no appeal or writ of error shall *abate*, by the death of either party, if the heir, &c. of the deceased party, shall at the first or second term, succeeding the death, make the necessary suggestion, and appear to the appeal, or writ of error for the purpose of prosecuting or defending it; thus clearly not applying to this case, in which the appeal was made in the name of a person, not in *esse* at the time. But if, by any possible construction, it could be held to embrace the case of an appeal made in the name of a dead person, it would not have the effect to save this case; the provision being, that no appeal, or writ of error, shall abate by the death of either party, if the heir, &c. of the deceased party, shall at the first or second term succeeding the death, make the necessary suggestion, and appear, &c. so that the necessary corollary is, that the appeal or writ of error, will in

such case abate, if the heir, &c, of the deceased party shall not at the first or second term succeeding the death, make the necessary suggestion, and appear, &c. And not only was there no suggestion of the death in this case, by the heir of the deceased, but the appearance of the heirs was not until the third term after the death. So that if there had been an appeal properly depending in this court, it would regularly, have abated. But there was no appeal properly made, or depending here, and the mere appearance of the heirs of *Colegate D. Owings*, does not stand in the way of the motion to dismiss; their appearance being without authority, and the case standing, as if no such appearance had been entered. Nor has the objection been waived or obviated by the appearance of counsel for *Charlotte C. D. Owings*, which may have been only for the purpose of making the motion to dismiss, and could not have the effect, to render the mere sending up the record, and docketing the case in the name of one who was dead, a good and available appeal.

It was not a mere irregularity, but a complete and radical defect.

**APPEAL DISMISSED.**