## LUCRETIA HARRYMAN *vs.* AMOS A. HARRYMAN.

*Necessary party to an Appeal—Art. 2, secs. 9, 10, 11 and 13, of the Code—Act of 1862, ch. 167—Case of Appeal where the Appellee died before the Appeal was taken—Bill of Revivor and Review.*

An appeal like all other judicial proceedings must have proper parties. This Court in the absence of express authority cannot proceed to hear and determine an appeal on the mere *ex parte* presentation of the appellant.

A defendant upon whose demurrer a bill in equity was dismissed, died on the 12th day of July, 1877, and an appeal was not taken until the 27th of September following, so that at the time the appeal was taken there was no defendant in the Court below, and no one to meet the appeal in the appellate Court. On a motion to dismiss the appeal, it was HELD:

1st. That secs. 9, 10 and 11, of Art. 2 of the Code, or sec. 13 of said Art., as enacted by the Act of 1862, ch. 167, did not apply to the case.

2nd. That the defendant having died before the appeal was taken, he never was a party to the appeal and there was no statute that applied to the case, or gave the Court power to entertain the appeal under such circumstances.

3rd. That it might be that the appellant could reach the justice of the case by a bill of revivor and review for errors apparent on the face of the proceedings, but there was no power here to review, and reverse or affirm the decree appealed from and the appeal must be dismissed.

APPEAL from the Circuit Court for Baltimore County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., STEWART, BRENT, ALVEY and ROBINSON, J., for Amos A. Harryman, deceased, and submitted on brief for the appellant.

*D. C. H. Emory*, for the appellant.

*William S. Keech* and *John T. B. Dorsey*, for Amos A. Harryman, deceased.

On the motion to dismiss the appeal, the following authorities were referred to: *Glenn, Trustee vs. Clapp*, 11 *G. & J.*, 1; *Hall vs. Hall*, 1 *Bland*, 130; *Allen vs. Burke*, 1 *Bland*, 544; *Ridgely vs. Bond & White*, 18 *Md.*, 434; *Coombs vs. Jordan*, 3 *Bland*, 326; *Act of* 1820, *ch.* 61.

ALVEY, J., delivered the opinion of the Court.

Amos A. Harryman, being the only defendant who had appeared, and there being no orders taken as against those who had failed to appear, demurred to the bill as amended, upon the ground of supposed multifariousness; and the Court below, being of opinion that the bill as amended was obnoxious to the objection taken, by its decree of the 5th of March, 1877, dismissed the bill generally, with costs to the defendant.

Whether the bill as amended was really multifarious, may admit of great doubt; and even conceding that it was originally subject to that objection, whether the objection was not effectually waived and the defendant precluded from insisting upon the demurrer, by the proceedings that were had in the cause with his sanction, after the entering of the demurrer and before decree thereon, hardly admits of a doubt. See cases of *Gibbs vs. Clagett*, 2 *Gill & J.*, 14, and *Dunn vs. Cooper*, 3 *Md. Ch. Dec.*, 46.

But we are not now to decide these questions.

It appears, by an affidavit filed in support of a motion to dismiss the appeal, that Amos A. Harryman, the defendant upon whose demurrer the bill was dismissed, died on the 12th day of July, 1877, and by the record it is shown that the appeal was not prayed until the 27th of September, 1877—more than two months after the death

of the only defendant who had appeared to the cause. Therefore, at the time of the appeal taken, there was no defendant in Court, and no one to meet the appeal in the appellate Court. An appeal, like all other judicial proceedings, must have proper parties. This Court, in the absence of express authority, cannot proceed to hear and determine the appeal, on a mere *ex parte* presentation by the appellant. And the state of case here presented does not seem to be provided for by any statute upon the subject. Section 9 of Art. 2 of the Code provides that no case *pending* in this Court shall abate by the death of either of the parties *to such appeal*, if the proper representative of the deceased shall, at the first or second term after such death, make the necessary suggestion, and appear to the appeal for the purpose of prosecuting or defending the same. Section 10 of the same Article provides for the case of the death of the plaintiff in appeal or writ of error *before* the term to which such appeal or writ of error is returnable to this Court; and section 11 provides that when a case in under rule argument in this Court, and a party shall die, having an attorney in Court, this Court may proceed to give judgment to have the same effect as if the party were alive. And then we have section 13 of the same Article, added by the Act of 1862, ch. 167, whereby it is provided that in any case where one or more of the appellants or appellees shall die *after appeal taken* or writ of error sued out, and before final judgment in this Court, and the executor or administrator of the party shall fail to appear in this Court and suggest the death, and there be judgment given as if the party deceased were alive, in such case, it is made lawful for any surviving party to such appeal to suggest the death of the deceased party, *prior to the entering up of the judgment in this Court,* and show to the Court who is such executor or administrator of the party deceased, and thereupon it is rendered competent to this Court to order execution to issue as if such executor or administrator had

appeared and suggested the death of the deceased, and become party to the appeal or writ of error.

The statutes from which sections 9, 10 and 11, of the Code just referred to, were codified (Acts 1806, ch. 90, sec. 11, and 1815, ch. 149, sec. 6,) have been construed by this Court, and it was held, as is plain from the language of the statutes themselves, that where a party dies *before* appeal taken, the Acts did not apply, and that, in such case, the appeal should abide the rule of the common law ; and, as is apparent from the terms of section 13, as enacted by the Act of 1862, ch. 167, there is nothing in that section that has any application to this case whatever.

By the rule of the common law, if the plaintiff in error dies before errors assigned, the death abates the writ ; but a writ of error in no case abates by the death of the defendant in error, (except, of course, in criminal cases,) whether the death happens before or after errors assigned ; (1 *Bac. Abr.*, 14, 15 ; *Green vs. Watkins*, 6 *Wheat.*, 260 ; *Carroll vs. Bowie*, 7 *Gill*, 34 ;) and the same rule applies in cases of appeal. But where the defendant dies before the writ of error sued out, or the appeal taken, and there be no new parties made to represent the deceased, or no existing parties in the cause upon whom the law devolves the rights and interests which belonged to the deceased, in such case, the appeal cannot be maintained as against such deceased party, and there is no power in this Court, by any process at its command, to supply the necessary parties to such appeal.

In the case of *Owings vs. Owings*, 3 *Gill & J.*, 1, it was held that no appeal could be taken from a decree of the Chancellor, after the death of the only complainant in the cause, in the name of such complainant ; and that neither the appearance of the representatives of the deceased party, after proof of death in this Court, nor the appearance of the other party, cured the defect ; and the appeal was dismissed. And the principle of that case was re-affirmed in

Harryman *vs.* Harryman.

the case of *Carroll vs. Bowie*, 7 *Gill*, 34; but in the latter case, it was the death of the appellee, which occurred during the pendency of the appeal in this Court, and was suggested after rule argument, that gave rise to the question, whether the appeal could be further prosecuted; and it was held, that the case was embraced within the common law rule before referred to, as to defendants in error, and, consequently, there was no abatement or failure of the appeal. But here, the defendant having died before the appeal was taken, he never was a party to the appeal, and there is no statute that applies to the case, or that gives this Court power to entertain the appeal taken under such circumstances. It may be that the appellant can reach the justice of the case by a bill of revivor and review for errors apparent on the face of the proceedings; but there is no power here to review and reverse or affirm the decree appealed from, and the appeal must be dismissed.

*Appeal dismissed.*

(Decided 26th June, 1878.)