(Decided 20th January, 1882.)

---

### EMMA E. THOMAS vs. NORBOURN THOMAS.

*Dismissal of Appeal from Decree of Divorce a Vinculo— Death of Appellee after Decree and Appeal entered, and before Transmission of Record to this Court—Practice— Proceeding to Revive in Court below under Art. 16, sec. 8, of the Code, against Parties in Interest so far as Decree affected Property Rights—Art. 2, secs. 9 and 11, of the Code.*

A decree was passed by the Court below, on the 16th February, 1880, divorcing N. T. *a vinculo* from E. E. T. On the 20th March, appeal was entered by E. E. T. On the 23rd March, N. T. died. On the 15th June, 1880, the transcript of the record was filed in this Court. During the April Term, 1881, on suggestion of the death of N. T. (which was admitted,) and on motion to dismiss the appeal made by the appellee's counsel, it was HELD:

1st. That by the death of N. T., the suit so far as the question of the marital relation was concerned, abated, and that Art. 2, sec. 11, of the Code, relating to a case under rule argument, in this Court when a party dies, did not apply.

2nd. But that so far as the decree below determined the property rights of E. E. T., (N. T. having left property real and personal,) if the decree was erroneous, she could have prosecuted an appeal therefrom, for the purpose of having the decree reversed, against the persons upon whom, by the death of N. T. the right to his property devolved; that this not being done, the appeal must be dismissed.

Afterwards, and at the same term of this Court, a petition was filed by E. E. T. to have the appeal re-instated, so that the case might be decided on its merits. With the petition was exhibited a copy of N. T's will, admitted to probate in March, 1880, with exemplification of letters testamentary thereon. The petition further alleged, that on the 13th March, 1880, N. T. had mortgaged real and personal property to a savings bank to the amount of $7000. The petition prayed for *subpœna* or other process from this Court directed to the executor, devisees and the alienee making them parties to this appeal, so that the same might be prosecuted against them as parties interested. HELD:

That the petition must be dismissed; for N. T. having died before the April Term, 1880, before the transmission of the record, and, therefore, before the appeal was pending in this Court, and the petition not being filed till the April Term, 1881, Art. 2, sec. 9, of the Code, relating to a case pending in this Court when a party dies, did not apply; so that in this case, there was no statute authorizing the making of new parties by process to be issued out of this Court. That E. E. T., after N. T's death and before bringing up the appeal, should have applied to the Court below, under Art. 16, sec. 8, of the Code, to have the proper parties made, affording them an opportunity to appear and defend in this Court.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., GRASON, ROBINSON, IRVING and RITCHIE, J.

*W. H. S. Burgwyn,* and *Innes Randolph,* for the appellant.

*John Henry Keene, Jr.,* for the appellee.

BARTOL, C. J., delivered the opinion of the Court.

This case was decided at the last Term of this Court, when a decree was passed dismissing the appeal, for the reasons then stated.

The appeal was from a decree of the Circuit Court of Baltimore City, granting to Norbourn Thomas a divorce *a vinculo* from the appellant.

The decree was passed on the 16th day of February 1880. On the 20th day of March, ensuing, the appeal was entered; and the transcript of the record was filed in this Court on the 15th day of June, in the same year.

It appeared, from a suggestion made in this Court, that in the intermediate time between the entry of the appeal in the Circuit Court, and the transmission of the record to this Court, *to wit:* on the 23rd *day of March* 1880, Norbourn Thomas, the appellee, died; and a motion was made to dismiss the appeal, on the alleged ground that by the death of the appellee the suit had abated, and consequently the appeal could not be prosecuted.

The suggestion and motion were made by Mr. Keene, who was counsel of record for the appellee; and the fact of the death of Norbourn Thomas at the time stated, was admitted.

In disposing of the appeal, we said that *sec.* 11, *Art.* 2 of the Code had no application. That section provides, "when a case is under rule argument in the Court of Appeals, and a party shall die, having an attorney in Court, the Court of Appeals shall give judgment, to have the same effect as if the party were alive," &c.

It was clear that this case did not fall within the provisions of *sec.* 11, as the death occurred before the transcript reached this Court.

It was contended that the suit being merely personal in its character, the doctrine of the law *actio personalis*

*moritur cum personâ* was applicable and therefore the suit had abated, and could not be revived.

In disposing of that argument, we decided that except so far as the question of dissolving the marital relation was concerned, the case did not necessarily abate by the death of the husband occurring after the decree, where it appears that he has left property, real or personal. We said, that "so far as the question of the marital relation was concerned, that question was forever concluded by the death of the appellee, and no one had any longer any interest in reviving it. But the decree which granted the divorce, at the same time determined the property rights of the appellant, and if unreversed, deprived her of all rights in her late husband's property. With respect to that question her interest survived, and if the decree was erroneous, she was aggrieved thereby, and had a standing in Court to prosecute an appeal therefrom, for the purpose of having the decree reversed."

And we referred to *Wren vs. Moss*, 2 *Gilman*, (*Ills.*,) 72, and *Shaffer vs. Shaffer*, 30 *Mich.*, 163, as containing correct doctrine on the subject of the abatement of suits for divorce.

We decided further, that in such case the appeal could not be prosecuted against the deceased husband ; as to him the suit had abated. But the appeal could be prosecuted only against those persons upon whom, by his death, the right to his property had devolved ; as the executor, heirs-at-law, or devisees, and alienees. Those persons ought to have been made parties to the proceeding, and as that had not been done the appeal was dismissed.

After that decision was rendered, and before the lapse of the Term, a petition was filed in this Court by the appellant, praying to have the appeal re-instated, so that the case might be decided upon its merits. Exhibited with the petition is a copy of the last will of Norbourn Thomas, deceased, admitted to probate in March 1880,

together with letters of exemplification from the Register of Wills for Baltimore City, showing that letters testamentary on his estate had been duly granted to John Henry Keene, Jr., Esq., the executor named in the will. The petition further alleges that after the decree of divorce had been passed, viz., on the 13th day of March 1880, the said Norbourn Thomas, by a deed of mortgage of that date, conveyed certain real and personal property to " The Metropolitan Savings' Bank of Baltimore" to secure the payment of seven thousand dollars, loaned by said Savings' Bank to said Norbourn Thomas. The petition prays that *subpœna* or other process be issued by this Court, directed to the executor and devisees under the will, and to the Savings' Bank alienee, making them parties to this appeal, so that the same may be prosecuted against the parties interested in the property and estate of the deceased.

When the decision was rendered dismissing the appeal, we expressed the opinion that the case fell within the provision of *sec.* 9 of *Art.* 2 of the Code, and that it would have been competent for the appellant to revive the suit, and prosecute her appeal, by causing process to be issued out of this Court, within the time prescribed, against the persons interested in the property of the deceased, making them parties to the appeal. We said " that *sec.* 9 applied as well to a case where a party dies, after the appeal has been entered and before the record has been transmitted, as to a case where the death occurs after the transcript has reached the appellate Court."

If this were the true construction of *section* 9, it is clear that the application to make new parties comes too late. That section provides, that the application must be made " *at the first or second term after the death of the party.*" Now Norbourn Thomas died before April Term, 1880, viz., on the 23rd day of March of that year. The petition was not filed till the third Term thereafter. It follows, that

even if the provision of *sec. 9, Art.* 2 were applicable, the petition could not be granted.    *Owings vs. Owings,* 3 *G. & J.,* 1, 3 *and* 4.

Upon further consideration we think the construction we put on *section* 9 was too liberal.   That section, by its terms, provides for the death of a party to "*a case pending in the Court of Appeals*," and must be construed as applicable only to a case where a party dies *after the case is pending in the appellate Court.*

It is a codification of the Act of 1815, ch. 149, sec. 6, which was construed, in *Owings vs. Owings, supra,* as applicable to the case of the death of a party to an appeal or writ of error, occurring *while* the case is pending in the Court of Appeals.

In the present case, Norbourn Thomas having died before the transmission of the record, and therefore before the appeal was pending in this Court, sec. 9 of Art. 2 does not apply.   In such case there is no statutory provision authorizing the making of new parties by process, to be issued out of the appellate Court.

The appellant was, however, not without remedy, ample power was conferred upon the Circuit Court on her application, after the decree was passed, and the death of Norbourn Thomas occurred, to issue the proper process against the executor, devisees and other persons interested, making them parties to the cause ; to the end that her appeal might be prosecuted against them, and affording them an opportunity to appear and defend the same in the Court of Appeals.

This power is conferred upon the Circuit Court by *Art.* 16, *sec.* 8, of the Code, which provides :

"If any of the parties to a suit die after final decree, the Court may order execution of such decree as if no death had occurred, or *the Court may order subpœna, scire facias to be issued, or a bill of revivor to be filed against the proper representatives of such deceased party, or pass such*

*other* order, *or direct* such other proceedings *as may seem best* calculated to *advance the purposes of justice,*" &c., &c.

The proceeding contemplated and authorized by this section of the Code ought to have been taken by the appellant in' the Circuit Court, before bringing up her appeal.

In any view we can take of the case, the petition of the appellant must be dismissed.

*Petition dismissed.*

(Decided 26th January, 1882.)