JOHN HENRY FREDERICKS, and others *vs.* JOHN J. CISCO, and others.

*Ejectment—Legal estate—Executors authorized to Sell real. estate.*

The plaintiffs in an action of ejectment, claimed as executors under a will which devised all the estate, both real and personal, of the testator, to his wife, for her life, with remainder over to his children; and which authorized the executors to sell such portions of the "real estate as they may think it advantageous to dispose of, and to execute all such legal instruments as may be necessary to give perfect title to the purchaser." HELD:

That the will gave a legal estate for life to the widow, with legal estates in remainder to the children; and that the executors not having a legal title, could not maintain the action.

APPEAL from the Court of Common Pleas.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., IRVING, BRYAN, FOWLER, and MCSHERRY, J.

*Frederick C. Cook,* for the appellants.

*A. M. McBlair,* and *John T. Mason, R.,* for the appellees.

BRYAN, J., delivered the opinion of the Court.

The appellees recovered a judgment in ejectment against the appellants. The evidence at the trial showed neither title nor shadow of right in the appellants ; and yet, to our great regret, we are obliged to reverse the judgment.

We will state the reasons which require us to make this decision. General John A. Dix by his last will and testament devised and bequeathed his property as follows : "I give and bequeath to my dear wife all my estate, both real and personal, for her life ; at her death I direct that it be disposed of as follows : I give to my son Morgan Dix one-third of my said estate." He then gives to each of his two daughters a third of his estate with limitations over which it is not now necessary to state. He then appoints Morgan Dix, John J. Cisco and William S. Lawrence his executors, and then proceeds as follows : "I authorize them to sell such portions of my real estate as they may think it advantageous to dispose of, and to execute all such legal instruments as may be necessary to give perfect title to the purchaser ;" and then gives directions for the investment of the proceeds of sales. These executors are the appellees. The land which is the subject of this controversy is alleged to have been owned by the testator in fee simple at the time of his death. The will clearly gave a legal estate for life to the widow, with legal estates in remainder to his children. It is impossible to construe the authority to sell given to the executors, as vesting a legal estate in them, and displacing those previously given to the wife and children. The identical question was decided in *Guyer vs. Maynard, Ex'r*, 6 *Gill & J.*, 423. The Court says : "In the will of James Williams, his real estate is not devised to his executors, to be by them sold ; but is given to his residuary devisee, his nephew, with a power to his executors to sell such parts as they might think proper and necessary, for the payment of debts and legacies. The executors possess only a naked power to sell, until the exercise of which the estate passes in fee simple to the devisee, who, only under the will, is authorized to receive the rents and profits thereof." And in this decision the Court merely followed

the common law as it has been understood since the days of Lord COKE. In *Coke on Littleton*, 236a, the law is thus stated: "When a man deviseth that his executor shall sell the land, there the lands descend in the meanetime to the heire, and until the sale bee made the heire may enter and take the profits. But when the land is devised to his executor to be sold, there the devise taketh away the descent, and vesteth the estate of the land in the executor, and he may enter and take the profits, and make sale according to the devise." And in 1 *Perry on Trusts, sec.* 308, *in notes,* a very large number of cases is collected, showing how closely this rule has been followed by Courts which administer the system of law derived from England. As a legal title to the possession is indispensable in ejectment, the appellees could not maintain the action, and the instruction of the Court to that effect was erroneous. As this view of the question settles the case, it is superfluous to consider the other questions which were argued.

So far as we are informed by the evidence in the record, the appellants' claim rests upon the occupation of the premises in question by Catharine Fredericks. She appears to have been allowed to take charge of the property as a caretaker ; that is in the capacity of an agent or servant for the owners, receiving her authority from one Margery Lemon, who was also a caretaker, who had no interest in the property, and claimed none. Margery some years after Catharine had been appointed caretaker signed a certain deed purporting to convey a title to Catharine ; but she testifies that she can neither read nor write, that the deed was not read to her, that she did not know its meaning, and signed it under the belief that it would enable the appellees to obtain possession of the property. If the evidence in the record is true, there was no element of adverse possession whatever in the occupation of the land by Catharine Fredericks, and

it was competent for the legal owners to expel her by force, taking care to use no more violence than was reasonably necessary to accomplish the purpose. *Manning vs. Brown,* 47 *Md.,* 506. But the present appellees cannot recover in an action of ejectment for want of a legal title.

*Judgment reversed.*

(Decided 19th June, 1890.)