MATHILDE GOLDSCHMID, Executrix of RUDOLF GOLDSCHMID, *vs.* MANCHE H. MELINE.

*Appeal—Death of Plaintiff After Judgment for Defendant and Before Appeal—Appeal by Executor.*

Where a party plaintiff dies after the rendition of a judgment for the defendant and before an appeal is taken, his executor or administrator cannot appeal from the judgment, because the statute does not provide for an appeal in such case.*

Appeal from the Circuit Court for Montgomery County (Henderson, J.)

The cause was submitted on briefs by *D. W. Baker, Adolph G. Wolf, Bowie F. Waters,* for the appellant, and *Robert B. Peter* and *Frederick E. Chapin,* for the appellee.

McSherry, C. J., delivered the opinion of the Court.

The appeal in this case must be dismissed. The facts are these : One Rudolph Goldschmid brought suit in the Circuit Court for Montgomery County against Manche H. Meline and Louis D. Meline in assumpsit on a promissory note. The issues raised by the pleadings were tried, and the trial resulted in a verdict and judgment for the defendant, Manche Meline. This judgment was entered on November the seventeenth, eighteen hundred and ninety-six. On January the twelfth, eighteen hundred and ninety-seven, the present appellant claiming to be the executrix of the last will of Rudolph Goldschmid, the plaintiff of record who

---

* The Act of 1898, chap. 29, now provides that in any cause in which the party plaintiff or party defendant shall have died, either before or after judgment or decree, the heir, executor, administrator or other proper person may, if he think proper, suggest the death, and become a party in the place of such deceased party and pray an appeal or writ of error, and appear to such appeal or writ of error for the purpose of prosecuting the same ; *provided,* such appeal or writ of error be prayed within the time prescribed in Art. 5 of the Code.

had died *after* the rendition of the judgment and *before* an appeal had been prayed, went into the Circuit Court, suggested the death of the plaintiff and had herself in her capacity as executrix made a party plaintiff. She thereupon, the same day, entered an appeal in the Circuit Court to this Court. A motion has been made to dismiss the appeal thus taken and the question presented is : Can an executor of a plaintiff, against which plaintiff in his lifetime a judgment had been rendered, enter an appeal *after* the death of that plaintiff?

At the common law a judgment was reviewable only by writ of error issued out of the Court of Chancery, and it brought up to the Superior Court for review only errors of law apparent on the face of the record, and nothing more. The *Statute of 2 Westminster*, 13 Edw. I, ch. 31, for the first time authorized bills of exception in civil cases. Rulings of the inferior Court which under the provisions of that statute were made the subject of exceptions, were thus spread upon the record and then brought before the appellate Court by writ of error. But now, by Acts of Assembly, an appeal to the Court of Appeals has been authorized for reviewing the judgments of inferior tribunals, and this method is "a more convenient and less expensive mode than the writ of error." *Poe's Prac.* sec. 826. The legislation conferring this right of appeal is quite liberal, but in the absence of express enactment no appeal can be taken or entertained in any case where a writ of error could not have been availed of at the common law. *Savage Mfg. Co.* v. *Owings*, 3 Gill, 498 ; *Swan* v. *Mayor, &c.*, 8 Gill, 154. By the rule of the common law, if the plaintiff in error dies before errors assigned, the death abates the writ; *Carroll* v. *Bowie*, 7 Gill, 34; *Harryman* v. *Harryman*, 49 Md. 70 ; and as, unless specially authorized by statute, an appeal will not lie where a writ of error would abate, it becomes necessary to examine the legislation of this State for the purpose of discovering whether a contingency like the one presented by this record has been provided for.

Article 5, secs. 73, 74, 75 and 76, and Art. 16, sec. 8 of the Code, contain all the enactments that have been passed upon this subject, and unless they cover the pending appeal it must abide the rule of the common law as applied to writs of error. Sec. 73 prescribes that " no case in which an appeal has been prayed or writ of error applied for, whether the record shall have been transmitted to the Court of Appeals or not, shall abate by the death of either of the parties," &c. This section obviously relates only to cases where an appeal has been prayed or a writ of error has been sued out during the *lifetime* of the parties. In such instances, whether the record has been transmitted to this Court or not, the cases do not abate by the subsequent death of the parties. Clearly the section does not apply to the state of facts now presented, because here the plaintiff against whom the judgment was recovered died *before* any appeal was prayed. Sec. 74 provides for cases where the plaintiff in an appeal or writ of error—that is in an appeal that *has been taken* or a writ of error that *has been sued out*—dies before the term to which the appeal or writ of error was returnable, and it authorizes the executor or heir at law to appear in the Court of Appeals and to suggest the death for the purpose of prosecuting the appeal or writ of error. This section does not meet the case at bar. Sec. 75 relates to the death of a party whilst the case is under rule argument and has no application to this case at all. Sec. 76 in express terms has reference only to cases where one or more appellants or appellees, or plaintiffs or defendants in error shall die *after* an appeal has been taken or writ of error has been sued out and before final judgment in the Court of Appeals ; and this case does not belong to that class. These are all the statutory provisions relating to this subject and respecting appeals and writs of error from Courts of law. There is consequently no enactment covering a case *at law* where the plaintiff *against whom* a judgment has been rendered has died *before* an appeal has been entered. And so in *Harryman* v. *Harryman, supra,* this Court said " that

where a party dies *before* appeal taken, the Acts" of Assembly then in force, " did not apply, and that in such case the appeal should abide the rule of the common law." The Acts of Assembly which were in force when the case just cited was decided are the same as those now upon the statute book with a single exception, and that exception is this : By Article 2, sec. 9 of the Code of 1860 it was provided that " no case pending in the Court of Appeals shall abate by the death of either of the parties," &c ; whereas by sec. 73 of Art. 5 of the present Code embodying the Act of 1888, ch. 42, adopted since the date of the determination of the case of *Harryman* v. *Harryman*. " No case in which an appeal has been prayed * * * whether the record shall have been transmitted * * * or not, shall abate," &c. The section of the Code of 1860 related to cases actually pending in the appellate Court at the time one of the parties died, whilst the Act of 1888, ch. 42, went farther and applies to cases where an appeal had been taken *before* the death of the party though the record had not been in fact transmitted. Art. 16, sec. 8 of the Code relates to cases in equity and this provision is broad enough to include a proceeding where one of the parties dies after decree but before an appeal has been taken. *Thomas* v. *Thomas*, 57 Md. 504.

This analysis of the statutes is sufficient to show that no provision has been made for the case of a plaintiff against whom a judgment has been rendered and who has thereafter died *before* an appeal has been prayed. It is competent to the Legislature to supply this omission, but this Court has no authority to do so.

The result is that the appeal must be dismissed.

*Appeal dismissed.*