CONWAY, ADMINISTRATOR OF THE ESTATE OF
BENJAMIN J. CONWAY *v.* BOARD OF COUNTY
COMMISSIONERS FOR PRINCE GEORGE'S
COUNTY, ET AL.

[No. 20, September Term, 1967.]

*Decided January 8, 1968.*

The cause was argued before HAMMOND, C. J., and HORNEY, BARNES, McWILLIAMS and FINAN, JJ.

*Richard S. Paulson,* with whom were *Sorrell & Paulson* on the brief, for appellant.

*Martin Hertz,* with whom were *Lionell M. Lockhart, Harry L. Durity, James J. Lombardi, James F. Sharkey, David G. Ross* and *Albert J. Lochte* on the brief, for appellees.

HAMMOND, C. J., delivered the opinion of the Court.

In 1952 Benjamin Conway owned in fee a piece of property in the Vansville District of Prince George's County, on which he and his wife lived. By agreement with Conway, certain of his neighbors petitioned the Board of County Commissioners under Code (1951), Art. 25, § 124 (now Code (1966 Repl. Vol.), Art. 25, § 135), to take possession "of the road beginning 300 feet east of the Muirkirk Bridge on Muirkirk Road and running to the Old Baltimore Pike * * *" (part of the way, as a ten-foot wide dirt "cowpath," ran along one side of the Conway property), as shown by an advertisement in the Prince George's Post of March 13, 1952 (an advertisement which appeared for the required four weeks). On April 15, 1952, the Board, following an applicable statute, appointed three individuals to ascertain and report on the propriety and desirability of opening the road as a public highway. On May 26, 1952, according to the testimony of Ernest Hines, the only survivor of the three road Examiners appointed to view the road in question, he talked to Mr. Conway and walked the road and then, as Chief Examiner, submitted the unanimous recommendation of the Examiners that the road be taken into the County road system. No protest was filed, no hearing held, and the County Commissioners immediately accepted the road, then widened and paved it and have since maintained it. Conway saw the bulldozers widen and straighten the "cowpath" and saw it paved. He used it until his death in common with his neighbors and the public and knew the County had named it "Conway Road."

After Conway's death in 1964 intestate, his daughter, Ellen Franklin, and his son, James Conway, sued the County in ejectment, claiming (a) that there had been a lack of jurisdiction because the Examiners did not take the oath specified by Code (1951), Art. 25, § 128 (now Code (1966 Repl. Vol.), Art. 25, § 140), and the County did not affirmatively show that all the statutory requisites had been met, (b) no damages were paid, and (c) the written consent of Conway as the owner was not given as § 132 of Art. 25 of the Code (1951) (now Code (1966 Repl. Vol.), Art. 25, § 144) requires when a public road is opened so as to pass through "gardens, yards or burial grounds, of any person * * *."

We do not reach the regularity of the statutory proceedings by which the County acquired the road, since we find that Judge Meloy's decision that there was sufficient regularity and no lack of due process and therefore the heirs of Conway could not prevail is to be sustained on other grounds.

Judge Meloy sustained the County's demurrer which alleged that the only proper party plaintiff in the ejectment suit was the administrator of the deceased owner. Thereupon, there was filed an amended declaration by the administrator alone, the heirs at law not being plaintiffs.

It is plain that the administrator had neither title nor the right to possession of the land involved which a plaintiff in ejectment must have if he is to prevail. If any one other than the County had title or right to possession, it was the heirs of Conway. It is settled that an administrator has no right or standing to bring such an action in ejectment because title to real property, at the death of the owner intestate, passes directly to the heirs at law of the deceased owner. *Fredericks v. Cisco,* 72 Md. 393; *Sprigg v. Moale,* 28 Md. 497; *Lannay v. Wilson,* 30 Md. 536, 546; *Fleming v. Brunner,* 224 Md. 97; Code (1964 Repl. Vol.), Art. 93, § 139; Code (1965 Repl. Vol.), Art. 46, § 1; Maryland Rules 203 a, b (1) and 205 a 1; Code (1964 Repl. Vol.), Art. 93, § 112.

If the demurrer to the first declaration had been overruled as it should have been, Conway's daughter and son, under the evidence at the trial, would have had no right to prevail. Implied dedication may be found where there is either no formal

dedication or where there is ineffective formal dedication. 23 Am. Jur. 2d (1965) *Dedication* §§ 1, 3, 19, 21, 32, 34. "Dedication is purely a question of intention and any act or acts of the owner of the land clearly manifesting such intention is sufficient." *Lonaconing Ry. Co. v. Consol. Coal Co.*, 95 Md. 630, 634. "Implied dedication is made up of acts and conduct of the owners of land * * * which estop him from denying that his intention was to dedicate the way to the public. The intention of the owner is the governing test." *Blank v. Park Lane Center, Inc.*, 209 Md. 568, 574.

> "The intention to dedicate may be implied from the conduct of the land owner. *If, for example, a person throws open a passage through his land, and makes no effort to prohibit persons from passing through it, and does not show by any visible sign that he wishes to preserve his right over it, his action is a manifestation of an intention to dedicate the highway to public use and he is presumed to have so dedicated it.* * * * The right of the public to a road does not depend upon its continuous use for a period of twenty years or for any other definite length of time, but upon its use with the assent of the owner for such a period that the public accommodation and private rights might be materially affected by an interruption of such enjoyment." (Emphasis added and citation omitted). *Smith v. Shiebeck*, 180 Md. 412, 419-20.

*See also, Toney Schloss v. Berenholtz*, 243 Md. 195; *Canton Co. v. Baltimore City*, 106 Md. 69.

Conway's acts and conduct over a period of years left no doubt that he intended to dedicate Conway Road to the public, and concededly the County accepted the offer to dedicate the road.

*Judgment affirmed, with costs.*