GOLDMAN, Administrator Ad Colligendum of the
Estate of Ernest P. Walker *v.* WALKER

[No. 157, September Term, 1970.]

*Decided December 16, 1970.*

The cause was argued before HAMMOND, C. J., and BARNES, McWILLIAMS, SINGLEY, SMITH and DIGGES, JJ.

*Howard E. Goldman* and *Audrey E. Melbourne,* with whom were *Melbourne & Goldman* on the brief, for appellant.

*Robert L. Hillyard* and *James C. Christopher* for appellee.

DIGGES, J., delivered the opinion of the Court.

This is an appeal from the action of the Circuit Court for Montgomery County, Maryland invalidating a Nevada decree of divorce a vinculo matrimonii. The appellant, Howard E. Goldman, is administrator ad colligendum of the estate of Ernest P. Walker, having been substituted as the sole party defendant when the seventy-three year old Mr. Walker died of a heart attack on January 30, 1969 during the pendency of this present action.

In 1965, Mr. Walker, a renowned naturalist and author of many books and articles including *Mammals of the World,* entered into a twilight marriage with the plaintiff-appellee, Eleanor B. Walker. Unfortunately their matrimonial bliss was short-lived, for in mid 1968 Mr. Walker left for Nevada and filed for divorce within forty-three days of his arrival. The divorce decree was granted on August 23, 1968.

Back in Maryland Mrs. Walker, a resident of Montgomery County, immediately counterattacked with a bill of complaint to set aside the decree of the Nevada court, to whose jurisdiction she had never submitted. Her primary focus in this suit was on the couple's Montgomery County home, which they had held as tenants by the entireties. It was during the course of a deposition looking forward to the trial of this case that Mr. Walker was stricken and died later the same afternoon. The admin-

istrator ad colligendum was appointed on October 23, 1969 and substituted as the only defendant. On April 7, 1970 the Circuit Court for Montgomery County (Mathias, J.) passed a decree voiding the Nevada divorce on the ground that Mr. Walker had committed a fraud on that court.

At the core of the dispute is whether the deceased, Ernest Walker, had acquired a bona fide domicile sufficient to compel the Maryland court to render full faith and credit to the Nevada decree, pursuant to Art. IV, § 1 of the Constitution of the United States, but we must forego the elaborate factual analysis necessary to review the question of domicile. Instead, we shall only consider in detail the question of abatement which the appellant raised after Mr. Walker died. Beyond that the case must be remanded without reversal or affirmance to give certain necessary parties an opportunity to join in the action.

Mr. Walker's death while the action was pending terminated the marriage irrevocably, and if nothing more had been involved the entire action would have abated on the ground that it was moot. *Corte v. Cucchiara*, 257 Md. 14, 16, 261 A. 2d 775 (1970) ; *McCurley v. McCurley*, 60 Md. 185, 189 (1883) ; *Thomas v. Thomas*, 57 Md. 504 (1882). Appellant's strong reliance on the statement in *McCurley* at page 189 that "no jurisdiction can survive as to matters purely ancillary" to the object of the suit is severely misplaced, for that case only involved a divorce a mensa et thoro, and the rights to alimony pendente lite and counsel fees arising out of the separation. Those rights were incidental to that action and did not survive it, but as we have held in *Keen v. Keen*, 191 Md. 31, 37-38, 60 A. 2d 200 (1948) and *Bishop v. Safe Dep. & Tr. Co.*, 170 Md. 615, 617, 185 A. 335 (1936) a divorce a mensa does not affect title to either real or personal property. *Thomas v. Thomas, supra*, is more akin to Mrs. Walker's situation. In that case Judge Bartol, speaking for the Court, observed at page 507 :

" . . . so far as the question of the marital relation was concerned, that question was forever concluded by the death of the [husband], and no one had any longer any interest in reviving it. But the decree which granted the divorce, at the same time determined the property rights of the [wife], and if unreversed, deprived her of all rights in her late husband's property. With respect to that question her interest survived . . . ."

This survival rule has been referred to with approval by this Court in *Pryor v. Pryor*, 240 Md. 224, 230, 213 A. 2d 545 (1965) ; *Connelly v. Connelly*, 190 Md. 79, 84, 57 A. 2d 276 (1948) ; *Croyle v. Croyle*, 184 Md. 126, 136, 40 A. 2d 374 (1944) and *Scheihing v. B. & O. R. R. Co.*, 180 Md. 168, 23 A. 2d 381 (1942).

Undisturbed, the Nevada divorce decree deprives Mrs. Walker of any right she may have to share in the estate of her late husband. By the same token it deprives her as surviving tenant by the entireties of sole ownership of the couple's Montgomery County home. *McCally v. Mc-Cally*, 250 Md. 541, 543-44, 243 A. 2d 538 (1968). Since here there are remaining property rights to be determined, it is clear both under Maryland Rule 220 b and *Thomas v. Thomas, supra,* that this action did not completely abate upon the death of Mr. Walker. Rule 220 b states:

"An action in equity shall not abate by the death of a party thereto, where the right involved in the action survives."

This holding does not allow us to proceed to the question of domicile, for further language from *Thomas v. Thomas, supra,* has given us, nostra sponte, pause over the absence of certain parties from this case. *Thomas* stated at 57 Md. 507:

". . . the appeal could not be prosecuted against the deceased husband; as to him the suit had

abated. But the appeal could be prosecuted only against those persons upon whom, by his death, the right to his property had devolved; as the executor, heirs-at-law, or devisees and alienees. *Those persons ought to have been made parties to the proceeding . . . ."* (Emphasis added.)

Here, only the administrator ad colligendum was made party defendant. Under Maryland law prior to January 1, 1970 (see Code (1957, 1969 Cum. Supp.) Art. 93, § 1-301) title to a decedent's real property passed directly to the heirs or devisees upon his death. *Fleming v. Brunner,* 224 Md. 97, 105, 166 A. 2d 901 (1961); *Conway v. Pr. George's County,* 248 Md. 416, 418, 237 A. 2d 9 (1968); Art. 46, § 1, Code (1957, 1965 Repl. Vol.). The personal representative of the estate, without express provision in the will, had no interest in the realty. *Goldsborough v. De-Witt,* 171 Md. 225, 241, 189 A. 226 (1937); *Snively v. Beavans,* 1 Md. 208, 220 (1852). Though not yet offered for probate (apparently awaiting the outcome of this case) a purported will of the decedent was received in evidence solely on the question of domicile. While the will does make some provision for the executor to dispose of real and personal property, this is of no assistance to the administrator ad colligendum, whose temporary office is limited to the collection and protection of personalty. Art. 93, §§ 67-73, Code (1957, 1964 Repl. Vol.). As indicated in *Thomas,* any one who may have an interest in Mr. Walker's estate should be made a party to this action. These parties would at least include the devisees and legatees under the will as well as the decedent's heirs at law, for it is possible that the will may not survive probate or caveat. Since from the record we are unable to establish the identity of all of these individuals or determine whether there are other persons with property interests that may be affected by the outcome of this case, on remand the trial judge should, after a hearing if appropriate, identify and join each necessary party so as to give him an opportunity to be heard. This may be ac-

complished through the procedures outlined in Maryland Rules 220 c, d, e, f, h and 282.

*Case remanded without affirmance or reversal for further proceedings consistent with this opinion. Costs of this appeal to be paid equally by the parties.*