HEILL, Administrator of the Estate of Margaret Mary Heill *v.* STANIEWSKI ET UX.

[No. 320, September Term, 1971.]

*Decided June 8, 1972.*

The cause was argued before HAMMOND, C. J., ▮ and BARNES, MCWILLIAMS, SINGLEY, SMITH and DIGGES, JJ., and RICHARD P. GILBERT, Associate Judge of the Court of Special Appeals, specially assigned.

*Johnson Bowie* for appellant.

*Samuel S. Eisenberg* for appellees.

GILBERT, J., delivered the opinion of the Court.

The sole question presented by this appeal is whether or not the trial court erred in granting a motion *ne recipiatur* to an administrator's answer to a bill of complaint in a proceeding brought to foreclose rights of redemption in real property sold at a tax sale.

We shall affirm the lower court, but not for the reasons employed by it.

The record discloses that Margaret Mary Heill died intestate on October 28, 1967, seized of certain fee simple property designated as 3014 Linwood Avenue, in the County of Baltimore, State of Maryland. The property had been owned by the decedent and her husband as tenants by the entireties. The husband, Henry P. Heill, predeceased the said Margaret Mary Heill, Henry having died on October 2, 1953. The appellant, Henry P. Heill, Jr., the stepson of the decedent, Margaret Mary Heill, was appointed administrator of Margaret's estate on the 6th day of November, 1967. Margaret was survived by three known heirs, Marjory K. Sharpless, a cousin, Thomas L. Sharpless, a cousin, and Thomas Peters, a brother. The date of death of the decedent determines the applicable statutory law which shall govern the administration of the decedent's estate. At the time of Margaret's death, the applicable testamentary law was to the effect that title to a decedent's real property devolved directly to the heirs or devisees at law upon his death, without the necessity of administration by an administrator. Annotated Code of Maryland, Art. 46, § 1 (1957, 1965 Repl. Vol.), repealed by Acts 1969, ch. 3; *Fleming v. Brunner,* 224 Md. 97, 104, 166 A. 2d 901 (1961) ; *Conway v. Prince George's County,* 248 Md. 416, 418, 237 A. 2d 9 (1968) ; *Goldman v. Walker,* 260 Md. 222, 226, 271 A. 2d 639 (1970). Cf. Code, Art. 93, § 1-301, made effective January 1, 1970 by § 12-101 (devolution of title to all property, real and personal, to the personal representative

at death of decedent). The personal representative of the estate, without express provision in the will, had no interest in the realty under the law as it existed *ante* January 1, 1970. *Goldsborough v. DeWitt,* 171 Md. 225, 241, 189 A. 226 (1937) ; *Snively v. Beavans,* 1 Md. 208, 220 (1852) ; *Goldman v. Walker, supra.*

The real property taxes were not paid by the heirs and the property was sold to the appellees at a tax sale on May 25, 1970, for the sum of $4200.00. On July 1, 1971, appellees filed a bill of complaint to foreclose the right of redemption in the property and named as party defendants Henry P. Heill, Jr. as administrator of Margaret Mary Heill's estate, the two cousins of the decedent, her brother, and "all persons having or claiming to have any interest in or to the aforesaid property." A copy of the bill of complaint was served by certified mail, return receipt requested, upon the two cousins. An order of publication appeared in *The Jeffersonian* which in substance placed on notice all persons who were claiming any interest in the property and warned them to appear and answer the suit on or before the 10th day of September, 1971. The sheriff's return on the writ of summons indicates that the administrator was personally served on July 14, 1971. Appellant filed an answer to the bill of complaint on the 20th day of September, 1971, ten days after the time specified in the writ of summons and the order of publication.

Four days after the appellant had filed his answer, the appellees submitted a motion *ne recipiatur* to the appellant's answer on the ground that the answer had not been filed within the time specified in the writ of summons, namely, by September 10, 1971. At a hearing on October 18, 1971, the appellees argued that Art. 81, § 106 of the Annotated Code of Maryland was mandatory, not directory, in nature and that the appellant, having filed his answer ten days after the expiration of the date set forth in the writ of summons and the order of publication, was precluded from thereafter answering the summons. The Chancellor agreed with the appellees and ordered

that the appellant's answer be not received. Art. 81, § 106, *supra,* provides in pertinent part:

"Upon the filing of the bill of complaint, the court shall issue its subpoena for all parties defendant named in the said bill who are residents of this State and upon such bill the same process by summons, notice or otherwise shall be had to procure the answer and appearance of all such defendants as is had in other cases in equity, except as otherwise provided in this subtitle. The subpoena shall warn all parties named as defendant to appear in court on or before a certain day named in said subpoena, which day shall be not less than sixty days from the day on which the bill of complaint was filed, to answer the said bill or to redeem the property and shall contain a statement that in case of failure to do so, a final decree will be rendered foreclosing all rights of redemption in the property. * * *"

An interested person whose property has been sold at a tax sale may exercise his right of redemption and redeem it at any time before the passage of a final decree of foreclosure. Code (1969 Repl. Vol.) Art. 81, §§ 92, 100. *Brashears v. Collision,* 207 Md. 339, 351, 115 A. 2d 289 (1955) ; *McGarvey v. Southern Mun. Corp.,* 218 Md. 591, 594, 147 A. 2d 725 (1959) ; *Keefauver v. Richardson,* 233 Md. 545, 551, 197 A. 2d 438 (1964).

In *Brashears, supra,* this Court quoted from Art. 81, § 90 (now § 92), which provides:

"The owner or other person having an estate or interest in the property sold by the Collector *may redeem the said property at any time until the right of redemption has been finally foreclosed under the provisions of this sub-title,* by paying to the Collector the amount required for redemption as hereinafter set forth."

We also noted that Art. 81, § 98 [now § 100] states:

"* * * The right to redeem shall, nevertheless, exist and continue until finally barred by the decree of the court of equity in which the foreclosure proceeding is filed."

We said:

"* * * These sections specifically provide that the right to redeem shall exist and continue until finally barred by the decree of foreclosure. * * *" 207 Md. at 351-352.

See also *Shapiro v. National Color Printing Co.*, 191 Md. 194, 200, 60 A. 2d 679 (1948).

We conclude, therefore, that the trial judge erroneously granted the motion *ne recipiatur* on the basis of the failure of the appellant to file his answer within the time specified in the writ of summons and order of publication. As previously indicated, however, we shall affirm the action of the Chancellor in granting the appellees' motion *ne recipiatur*. We do so, not because of any alleged lateness in the filing of appellant's answer, but because the Maryland law in effect at the time of the death of Margaret Mary Heill was that title to fee simple property passed directly to the heirs at law and not through the hands of the administrator. *Fleming, supra, Conway, supra, Goldman, supra,* Art. 56, § 1, *supra*.

Art. 93, Maryland's testamentary law entitled "Decedents' Estates," was completely rewritten by ch. 3, Acts 1969, effective January 1, 1970, so that real property now passes directly into the hands of the personal representative. Code (1969 Repl. Vol.), Art. 93, § 1-301. We are concerned here, however, only with that law in effect on October 28, 1967. Under the provisions of the then statutory law, Art. 46, § 1, now repealed, the administrator acquired no title, interest or right of possession in and to the real property of a decedent. In short, he had no standing to object by means of an answer to the foreclosure of the equity of redemption by the purchasers at

the tax sale. *Conway v. Prince George's County, supra.* If an objection were to be made to the foreclosure proceeding, it should have been raised by the heirs, not an administrator. Additionally, we note that there is nothing in the record to indicate any necessity to sell the real property of the deceased in order to satisfy creditors' claims. In fact, the record fails to disclose any claims. We do not perceive any duty on the part of the appellant to protect the decedent's heirs—known or unknown. Thus, we believe the Chancellor correctly refused to allow the appellant to file an answer in the proceeding even though the reasons assigned by the Chancellor were incorrect.

*Order affirmed.*
*Costs to be paid by appellant.*