## CATE V. CATE.

Decided November 1, 1890.

*Divorce—Recrimination—Husband and wife* in pari delicto.

> Where the husband sued for a divorce from the bonds of matrimony upon the ground of desertion, and, in a cross-action for the same relief, the wife alleged that he was guilty of such indignities to her person as rendered her condition intolerable, no relief will be afforded to either party if the testimony discloses that they are equally in fault.

APPEAL from *Clark* Circuit Court in Chancery.

RUFUS D. HEARN, Judge.

Appellant filed a bill for a divorce from appellee, his wife, upon the ground of desertion. She filed an answer, denying that she deserted him without cause, and a cross-bill which alleged that he was guilty of such conduct as to render her condition intolerable. The court refused the husband's prayer for relief, and decreed a divorce upon the wife's cross-bill, and awarded her alimony and the custody of their three minor children.

*Atkinson & Tompkins* and *Crawford & Crawford* for appellant.

1.   The appellee was not entitled to divorce, either upon the grounds of cruel and barbarous treatment, desertion, failure to support, or intolerable indignities.   2 Hagg., 35; 1 Phill., 111; 1 Eng. Eccl. Rep., 210; 104 Mass., 198; 14 Cal., 159; 31 Iowa, 451; 1 Barb. Chy., 515; 49 Md., 514; Brayton (Vt.), 55; 8 C. E. Green (N. J.), 338; 33 Iowa, 238; 1 Hagg., 331; 21 N. J. Eq., 333; 23 Pa. St., 345; 43 Iowa, 325; 33 N. J. Eq., 151; 22 N. J. Eq., 90; 2 Bish., Mar. & Div., sec. 654; 1 C. E. Green, 280.

But conceding that appellant was guilty of the acts charged, and that they constituted cruelty, she cannot complain. She does not come into court with clean hands, she

was at least equally guilty, and in such cases courts grant no relief.    1 Eng. Eccl. Rep., 210; 6 Eng. Eccl. Rep., 81; 5 Wis., 449; 8 N. H., 307; 63 Tex., 34; 47 Tex., 336; 5 La. An., 33; 2 Eng. Eccl. Rep., 158; 14 Cal., 459; 26 Mo., 545.

2. Appellant was entitled to a divorce. She "willfully" deserted him without reasonable cause. The "reasonable cause" which would justify her in deserting him must be such as would entitle her to a divorce. If her own conduct was the provoking cause of his treatment of her, then she was not justifiable in her desertion.    2 Hagg., 35; 2 Bish., Mar. & Div., secs. 88, 92, 93; 49 Md., 514; 2 B. Mon., 146; 8 C. E. Green (N. J.), 338; 33 Iowa, 238; 1 Pars. (Pa.), 329; 34 Ark., 41; 20 Cal., 431; 22 Gratt., 168.

3. It was error to award appellee the custody of the children.    2 Bish., Mar. & Div., sec. 534 b; 44 Ark., 429; Mansf. Dig., sec. 3465.

The good of the children should have been consulted.    2 Bish., Mar. & Div., sec. 532; 22 Gratt., 174.

*Murry & Kinsworthy* for appellee.

Appellee was entitled to a divorce:

1. Because of indignities rendering her condition intolerable.    9 Ark., 507; 38 Ark., 119; 38 Ark., 324; 33 Ark., 156; 44 Ark., 429; Stewart, Mar. & Div., sec. 350; 13 Cent., 135; 110 N. Y., 183; 17 N. Y., S. R., 175; 17 N. E. Rep., 739.

2. Because of cruelty.    17 Pac. Rep., 912; 11 Col., 319; 83 Va., 806; 76 Ga., 319; 6 S. E. Rep., 630; 39 La. An., 491; 2 S. O., 181.

3. Appellant was not entitled to a divorce. She did not "willfully" desert him for twelve months. To establish desertion three things must be proven. (1) Cessation of cohabitation; (2) intention not to resume; (3) absence of complainant's consent, or conduct justifying it.    Stew., Mar.

& Div., sec. 251; 1 Bish., Mar. & Div., sec. 776; Mansf. Dig., sec. 254. The charge is not proven, and the wife is not supposed to intend to desert until it is proven. Stew., Mar. & Div., secs. 255, 252, 345; 1 Bish. on Mar. & Div., secs. 786-7; 2 Bish. on Mar. & Div., secs. 783, 810; 5 Iowa, 232; 20 Ala., 168; Wright, 147.

4. The evidence shows the appellant's consent to her leaving, and that he was anxious to rid himself of her, and that he was all the while consenting for her to leave. 1 Bish., Mar. & Div., secs. 795, 808; 1 Bish., Mar. & Div., sec. 787; 2 West (Mo. App.), 567; Stew., Mar. & Div., sec. 257.

5. It is not necessary that the wife should be wholly blameless. 44 Ark., 434; 9 Ark., 507; 38 Ark., 121, and cases *supra*.

6. The custody of the children is in the sound discretion of the court. Mansf. Dig., sec. 2565. The court did not abuse this discretion. Stew., Mar. & Div., sec. 402; 76 Ill., 399, 407, 409. The children should be given to the party not at fault. 16 Ore., 485; 2 Bish., Mar. & Div., secs. 544, 534; 44 Ark., 429.

Divorce—Parties *in pari delicto*.

COCKRILL, C. J. In order to have relief from the bonds of matrimony, it is not required that the complaining party be without fault, for the law, having to deal with the weakness of human nature, measures the reciprocal conduct of the married couple by the standard of common experience, rather than by the higher morality of religious duty. But when the parties are *in pari delicto*—the conduct of each being a constant aggravation to further offense by the other—the courts ought not to interfere at the instance of either. Cruel and barbarous treatment endangering life, or indignities to the person which render the condition of either party intolerable, is a cause of divorce under the statute. Mansf. Dig., sec. 2556. The latter provision does not require that a party

shall show that she, or he, lives in a state of danger or ap-
prehension of personal violence, in order to warrant judicial
interference. *Haley v. Haley*, 44 Ark., 429. But the courts
are not quick to interfere in domestic quarrels, and where the
parties are equally at fault, it must be shown at least that
there is something that makes cohabitation unsafe, to move
the courts to interfere. Unhappiness sufficient to render the
condition of both parties intolerable may arise from the mutual
neglect of the conjugal duties; but when the parties are thus
at fault, the remedy must be sought by them, not in the
courts, but in the reformation of their conduct. The remedy
is in their own hands, and, until it has been tried without
effect by the party complaining, the courts will not give effect
to the complaint. Until this home remedy has been tested
and failed, the condition of each may be said to be due to his
or her own acts, and one must bear the consequences of his
own misconduct.

Both husband and wife are seeking a divorce in this case.
The testimony shows ill-temper and petulance on the part of
the wife, settling at times into morbid bad humor, and break-
ing out into violent conduct toward her step-children, and
prompting the use of harsh epithets to them and her husband,
and sometimes of unclean language; but her conduct, while
in general unjustifiable, is often only the natural response of
a much neglected wife, goaded by the unchecked gibes of
the husband's children by a former marriage, and aggravated
by his ungenerous notion that she had not advanced in edu-
cation since marriage, to keep pace with his assumed superi-
ority. It is not necessary to recapitulate the evidence and
determine whether the conduct of either would be sufficient
to warrant a divorce, provided the other was less guilty. It
is immaterial, for we find them about equally in fault, and an
application of the legal principle above set forth to the facts
of the case, which we have examined with care, leaves neither
in a position to demand the interposition of the court.

The decree refused relief to the husband. To that extent it is right, and is affirmed. The court should have declined to interfere at the suit of the wife. The decree granting her a divorce and alimony will be reversed, and her cross-complaint dismissed.

It is so ordered.