HEALY *v.* HEALY.

Opinion delivered November 11, 1905.

1. DIVORCE—PARTIES IN PARI DELICTO.—Where both husband and wife seek divorce, and the evidence shows that both are equally at fault, no relief will be granted to either, in the absence of any showing that it was dangerous or unsafe for either of the parties to live with the other. (Page 96.)

2. SAME—DIVISION OF PROPERTY.—A decree awarding certain property to the wife in a divorce suit will be affirmed if such finding was in accordance with a division of the property made by the parties and carried into effect by written conveyance. (Page 96.)

Appeal from Garland Chancery Court; LELAND LEATHER-MAN, Chancellor; reversed in part.

*A. J. Murphy, Greaves & Martin,* and *Murphy & Lewis,* for appellant.

Indignities resulting from the complainant's own misconduct are not such as entitle the plaintiff to divorce. 83 S. W. (Ark.) 837; 53 Ark. 484; 6 L. R. A. 58; 7 L. R. A. 385; 1 Bish. on Marriage, Div. & Sep. § 1641; 2·*Ib.* 344, 346, 349. After separation and division of property pursuant to agreement by the parties, plaintiff, by consenting to defendant's return and cohabiting with her, condoned any previous cause of divorce; and such conduct entitled defendant to a restoration of the property as it was before the agreement for division and separation was made. 24 Neb. 530; 11 L. R. A. 65; 83 S. W. 837.

*Wood & Henderson,* for appellee.

A bill of review which sets out no error of law in the decree sought to be reversed or modified, nor any new facts discovered since its rendition, is properly dismissed. 3 Enc. Pl. & Pr. 576; *Ib.* 578, 580; 17 Ark. 45; 32 Ark. 753; 26 Ark. 600; 36 Ark. 532; 47 Ark. 17; 55 Ark. 22; 59 Ark. 441. It is not necessary that the complainant's conduct be wholly blameless, in order to be entitled to divorce for personal indignities. 44 Ark. 434.

RIDDICK, J. This is a suit in equity by Bridget Healy against Michael Healy to secure a divorce. She alleged that the defendant had been guilty of such cruel and barbarous treatment towards her, and had offered her such indignities as rendered her condition in life intolerable; that in order to make a support,

she was carrying on the business of keeping a hotel, and that the defendant interfered with the management of the hotel by insulting and threatening, not only herself, but the guests of the hotel.

The defendant filed an answer, denying the allegations of the complaint of his wife, and further alleged that for over a year before the commencement of the action she had been addicted to habitual drunkenness, and that while in that condition she was uncontrollable, and continually offered such personal indignities as made his condition in life intolerable.

After hearing the evidence the chancellor granted a divorce to the plaintiff. He further found that the Alhambra Hotel, together with all the furniture therein, was the property of plaintiff, and entered a decree restraining the defendant from going upon such premises, or in any way interfering with the plaintiff in the use and management of such property. The defendant appealed.

The first question presented arises on the motion of appellee that the appeal be dismissed for want of prosecution. The divorce decree was rendered on the 19th day of June, 1902. The appeal therefrom was granted by the clerk on the 18th day of June, 1903. The transcript filed with the clerk at that time contained a copy of the decree only. The reason for this was that the pleadings and depositions upon which the cause was heard had been lost or destroyed. Some delay has occurred in restoring such records; but, as the circumstances were unusual, and as the lost record has, by the filing of copies of pleadings and depositions under orders of the chancery court, been completely restored without prejudice to appellee, we are of the opinion that the motion to dismiss should be overruled.

The testimony of the different witnesses whose depositions were read is voluminous. Without going into a discussion of it, we will say that it shows clearly that each of these parties was guilty of inexcusable conduct towards the other. Defendant Healy possessed a jealous, suspicious, and at times violent disposition; suspected certain guests of the hotel of being in love with his wife, and his wife of encouraging such emotions. On this account, he frequently indulged in violent exhibitions of

temper, ordering guests from the hotel, and threatening violence to all concerned. On the other hand, the evidence shows that Mrs. Healy indulged habitually in intoxicating drinks to an excess. Frequently, when thus affected, she used violent and abusive language towards her husband, calling him a liar, speaking of him as crazy, and saying she "would have his head examined." The conduct of Healy might well have justified such suspicion, but for the fact that it was no doubt caused to some extent by provocation on her part. As one of the witnesses expressed it, "it took mighty little to make a quarrel when they were fixed;" and if the evidence is to be credited, they were generally well fixed. As the result, unhappiness came to both, and the condition of each of them was no doubt well-nigh intolerable.

But this court has well said that "unhappiness sufficient to render the condition of both parties intolerable may arise from the mutual neglect of the conjugal duties; but when the parties are thus at fault, the remedy must be sought by them, not in the courts, but in the reformation of their conduct. Until this home remedy has been tested and failed, the condition of each may be said to be due to his or her own acts, and one must bear the consequences of his own misconduct." There is nothing to show that it is dangerous or unsafe for either of the parties to live with the other, so the case falls within the rules laid down by this court. *Cate* v. *Cate,* 53 Ark. 484; *Womack* v. *Womack,* 73 Ark. 281.

It is contended with much force that the chancellor erred in his finding that the hotel and the furniture therein was the property of Mrs. Healy, but it seems to us that such finding was in accordance with a division of the property made between themselves, and carried into effect by written conveyance. The furniture was not expressly mentioned, but we think that the evidence shows that it was the intention that plaintiff was to keep and have all of this property in consideration for the money and other property turned over to defendant. This division was made at his suggestion, and we do not differ from that part of the decree, for it simply decreed to Mrs. Healy property that already belonged to her. As there was a continuous dispute between

the parties, both parties claiming the ownership and control of it, so much of the decree as settled the rights of these parties thereto is affirmed. But, for the reasons stated above, we do not think that either party is entitled to a divorce in this case. This is the second case of this kind between these same parties. See *Healy* v. *Healy*, 44 Ark. 429. After a divorce had been declared in that case, it seems that they changed their minds, and had the decree annulled. It is possible that if they are made to know that the courts do not lend too ready an ear to such complaints, and that they will not grant a divorce where both parties are about equally to blame, then one or both may be induced to mend their conduct.

Judgment reversed, and cause remanded with an order that the complaint and cross-complaint each be dismissed for want of equity, so far as the prayer for divorce is concerned. In other respects the decree is affirmed, and cost in the whole case is taxed one-half to each party.