[No. 6261.   Decided July 28, 1906.]

## GRACE PAGE, *Appellant,* v. WILL PAGE, *Respondent.*[1]

DIVORCE—PLEADING—SEVERAL CAUSES—SEPARATE STATEMENT.   An action for a divorce in which the complaint alleges three of the statutory grounds, viz., personal indignities rendering life burdensome, failure to support, and habitual drunkenness, in one count or paragraph, should not be treated as an action on the ground of drunkenness only, and dismissed for failure of proof thereof; but the complaint, if not corrected by motion, is sufficient to sustain a judgment if there was sufficient evidence upon any of the grounds stated.

DIVORCE—EVIDENCE—SUFFICIENCY—PERSONAL INDIGNITIES.   Evidence of the wife that the husband continually called her vile names and charged her with infidelity, corroborated by unimpeached testimony of a disinterested witness, will warrant a divorce on the ground that the husband was guilty of personal indignities toward the wife rendering life burdensome.

SAME—NONSUPPORT.   Evidence of the wife that her husband spent most of his earnings for drink and did not make suitable provision for the support of the wife, corroborated by disinterested witnesses, justifies a decree of divorce on the ground of failure to support.

SAME—GROUNDS—HABITUAL DRUNKENNESS.   Habitual drunkenness is ground for a divorce where one has a fixed habit of frequently getting drunk, although he may not, during working hours, be incapacitated from ordinary unskilled labor.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered March 2, 1906, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, in an action for divorce.   Reversed.

*Richardson, Roche & Onstine,* for appellant.

*R. M. Barnhart* and *A. J. Laughon,* for the State.

FULLERTON, J.—This is an action brought to obtain a decree of divorce.   In her complaint the appellant alleged that the defendant, during the past three or four years, had become addicted to the excessive use of intoxicating liquors, so much so that he had come home drunk as often as two or

[1]Reported in 86 Pac. 582.

three times a week during all of such time; and that this habit had become so firmly fixed upon him that he could no longer resist the temptation to drink whenever opportunity offered, and had become an habitual drunkard. She further alleged that the respondent had during such time squandered the greater part of his earnings for drink, and had failed and refused to make suitable provision for her support, compelling her to live, in part, upon the charity of her parents and friends; that he had loathsome and filthy habits when drunk; and had been guilty of personal indignities toward her, while intoxicated, causing her great mental anguish and rendering her life burdensome.

The respondent, although personally served in the county in which the action was brought, made no appearance, and the action was defended by the prosecuting attorney. The appellant's testimony substantiated her complaint. She testified that the respondent did most of his drinking in the evening; that he worked steadily enough during the day, but would leave his home immediately after supper and come home later in the night in a drunken condition, at which times he was morose and quarrelsome, and would call her vile names, and accuse her of infidelity. She further testified that he spent most of his earnings upon himself, leaving her at times without the means to supply their home with necessaries. On cross-examination she stated that her husband's habits did not incapacitate him for work; that he worked steadily during the past two years for a transfer company, with the exception of about two weeks at one time when the company discharged him, and another short period when he was ill.

The appellant was corroborated, in the main, by her sister and by a Miss Wilson, who appear to have had abundant opportunities for observation. At the conclusion of the evidence, the court adjourned the case to a day later for argument. At the time to which it was adjourned, the state produced a witness, called, so the record recites, at the instance

of the judge trying the case, who testified that he was the manager of the transfer company for whom the respondent had worked; that the respondent had worked steadily for that company for a year past in the capacity of a helper on one of the company's wagons, and during that time he had never known him to be drunk or seen him take a drink. On cross-examination, however, he testified that it would be possible for the respondent to drink to excess and the fact be unknown to him; also, that on a certain Sunday the respondent did some extra work for the company, and did not have the money earned from the work to turn in on the following Monday morning. Being asked if it were not a fact that on "one Sunday he got drunk and squandered some of the firm's money and lost some of the transfer checks," he answered, "I don't know only from hearsay. I know he didn't have the money to turn in."

The plaintiff thereupon asked leave to reopen her case and offer further testimony on the main issues. This the court denied, but permitted her to offer testimony in rebuttal of the witness called by the state. The appellant thereupon produced two witnesses to the effect that the respondent would sometimes show signs of intoxication when he would come home to his noon meal, and that he frequently drank beer in considerable quantities with his meals.

The court thereupon made findings in which he recited that the appellant sought a decree of divorce on the grounds of habitual drunkenness on the part of the defendant, finding that the habitual drunkenness such as the statute requires to constitute a ground for a divorce was not proven; further finding,

"That with reference to the use of intoxicating liquors by the defendant, the court finds that for sometime prior to the commencement of this action, and during the period of time in which the plaintiff complains of defendant's drunkenness, that both the plaintiff and the defendant were in the habit of using intoxicating liquors at their home, and that the plaintiff

not only did not object to the defendant's use of said liquor, but on the contrary drank intoxicating liquors on different occasions with the defendant at their home."

On the filing of these findings a decree of dismissal was entered, from which this appeal was taken.

The trial court apparently treated the complaint as stating but one cause for divorce, and as it found that cause not proven, refused to enter into any inquiry as to other causes that were shown by the evidence. It seems to us that this is not a correct construction of the pleadings. Plainly, the complaint states three distinct grounds which are by statute made causes for divorce. It alleges that the defendant had been guilty of personal indignities towards the plaintiff rendering her life burdensome, that he had failed to make suitable provision for the support of his family, and that he was an habitual drunkard. True, these allegations were intermingled in one paragraph or count of the complaint, in the form of a single cause of action, but if this was bad pleading or in violation of the rule of the Code, which requires distinct causes of action to be separately stated, the remedy for the defect was not to ignore all of the causes of action save a single one and determine the case on the sufficiency of the proofs as to that, but the plaintiff should have been required, by order, to conform her complaint to the rules of good pleading on the penalty of dismissal if she failed to do so. It seems to us that the court should have considered the evidence upon all of the causes alleged, or else upon neither of them. But a complaint in the form of this one is not fatally defective. It is sufficient to sustain a judgment, and when allowed to pass unchallenged by the authority which has the right to challenge it, it should be treated as sufficient. Treating the complaint as sufficient upon these additional causes of action, we think the proofs offered in support of them justified a different finding from that made by the court. Surely no greater personal indignity could be offered the wife by the husband than to almost continually call her vile names, and

accuse her of infidelity. But this is what the wife testified
the respondent did do, and her statement is supported by the
unimpeached testimony of a disinterested witness—a relative
it may be, but so far as it appears, nevertheless, a person en-
titled to credit. The appellant testified, also, that the re-
spondent spent so much of his earnings for drink that he
did not make such suitable provision for her support as his
earnings would warrant. And in this, again, she is supported
by disinterested witnesses against whom no undue bias or
partisanship is shown by the record. Moreover, the evidence
with reference to these matters is wholly uncontradicted, and
giving it the weight it would seem to deserve, it justifies a
decree of divorce.

On the question of drunkenness, also, we think the evi-
dence would have warranted a different finding. To be an
habitual drunkard a person does not have to be drunk all the
time, nor necessarily incapacitated from pursuing during the
working hours of the day, ordinary unskilled manual labor.
One is an habitual drunkard, in the meaning of the divorce
laws, who has a fixed habit of frequently getting drunk. It
is not necessary that he be constantly or universally drunk,
nor that he have more drunken than sober hours; it is enough
that he have the habit so firmly fixed upon him that he be-
comes drunk periodically, or that he is unable to resist when
the opportunity and temptation is presented. As we view the
evidence it shows that the respondent had reached this con-
dition, and we think the apepllant entitled to a divorce on
this ground.

The finding specially quoted might have some bearing on
the question of habitual drunkenness were it supported by
the evidence, but we find in the evidence no justification for
it. The witness who is said by counsel for the state to have
so testified, as we read the record, testified directly to the con-
trary; and the appellant's testimony was that she occasionally
would drink a glass of beer with him, adding that it "was

very seldom though;" but this hardly justifies the conclusion drawn by the court.

We think the evidence sufficient to justify granting the prayer of the appellant's complaint, and the judgment appealed from will be reversed, and the cause remanded with instructions to grant a decree accordingly.

MOUNT, C. J., HADLEY, DUNBAR, CROW, and RUDKIN, JJ., concur.