STRICKLAND *v.* STRICKLAND.

Opinion delivered November 5. 1906.

1. DIVORCE—DEATH OF PARTY PENDING APPEAL.—While death terminates a divorce suit, yet where property rights depend on the correctness of a divorce decree, and an appeal has been taken from it, it is the duty of the appellate court to review the decree in order to settle the property rights, notwithstanding the death of a party during the pendency of the appeal. (Page 452.)

2. SAME—NECESSITY OF BRINGING IN HEIRS OF DECEASED PARTY.—Where an appeal in a divorce suit involved property rights,. and one of the parties died pending the appeal, the heirs of the deceased party are necessary parties to the proceeding unless the case had been submitted before the death of their ancestor, in which event the decision would relate back to the date of submission. (Page 452.)

3. SAME—PARTIES IN PARI DELICTO.—No relief will be granted in a divorce suit where the parties were equally in fault. (Page 453.)

4. SAME—ALLOWANCE OF COUNSEL FEES.—Where a wife appealed from a decree allowing the husband a divorce, and the husband died after ·the appeal had been taken, although the Supreme Court will proceed to review the case to determine the property rights of the wife involved in the appeal, no. allowance for attorney's fees for services in prosecuting the appeal will be allowed the wife on reversing the decree and dismissing the suit. (Page 454.)

Appeal from Pulaski Chancery Court; *Jesse C. Hart,* Chancellor; reversed.

*C. P. Harnwell,* for appellant.

*Roy D. Campbell,* for appellee.

HILL, C. J. This was a divorce suit; each party seeking a divorce on the ground of cruel treatment within the meaning of paragraph 5 of section 2672, Kirby's Digest. The chancellor decreed in favor of the husband, and the wife appealed, and since the submission of the case the husband died.

Of course, death terminates a divorce suit; but where property rights depend on the correctness of a divorce decree, and an appeal has been taken from ʻit, it is the duty of the appellate court to review the decree in order to settle the property rights. *Nickerson* v. *Nickerson,* 34 Ore. 1; *Danforth* v. *Danforth,* 111 Ill. 236; *Dower* v. *Howard,* 44 Wis. 82; *McBee* v. *MeBee,* 1 Heisk. (Tenn.), 558; *Thomas* v. *Thomas,* 57 Md. 504. The rule is otherwise where the cause has been submitted to the trial court, and one party dies before decree. No decree can be entered after death of a party to such suit. 2 Nelson on Marriage and Divorce, § 729a; *Wilson* v. *Wilson,* 73 Mich. 620.

An entirely different principle prevails where a decree has actually been rendered during the lifetime of the parties which affects and determines property rights. It then becomes a ·mere property contest between the wife and heirs at law, and the heirs at law are necessary parties to the proceeding, unless the case has

been submitted. *Nickerson* v. *Nickerson,* 34 Ore. 1; *Thomas* v. *Thomas,* 57 Md. 504. When the case has been submitted before death of the party, it is not necessary to bring in the heirs, for the decision relates back to the date of submission. *Mead* v. *Mead,* 1 Mo. App. 247; *Danforth* v. *Danforth,* 111 Ill. 236.

The justice of these principles is manifest. If it were otherwise, through an error of the chancery court a wife would be deprived of homestead and dower rights because death has overtaken the husband before the appellate court has had an opportunity to correct the error. Therefore it is the duty of the court to review this decree in order to determine whether there was error in severing the marriage between these parties prior to Mr. Strickland's death.

The evidence has been carefully examined, and a sad situation is revealed. There were two children by this marriage and two children by a former marriage of Mr. Strickland, and he seemed to have a great affection for all of his children. An implacable animosity grew up between Mrs. Strickland and her stepchildren, one now a young lady and the other a boy of seventeen or eighteen years of age. Mr. Strickland was afflicted with locomotor ataxia for several years before his death, and Mrs. Strickland is an extremely nervous woman, due to ill health dating back to the birth of her children. Each was possessed of a quick temper, and given to violence of speech. This unfortunate situation rendered domestic peace—to say nothing of happiness—impossible. Mr. Strickland's testimony makes out a complete case of cruel treatment entitling him to a divorce, and he is corroborated by his elder children, a friend or two and by some letters written by Mrs. Strickland after the separation. Mrs. Strickland's testimony makes out a complete case of cruel treatment entitling her to divorce, and she is corroborated by her father, brother and other relatives and friends. Each denies or attempts to explain away the charges made by the other.

In a case not unlike this one, Chief Justice COCKRILL said: "It is not necessary to recapitulate the evidence and determine whether the conduct of either would be sufficient to warrant a divorce, provided the other was less guilty. It is immaterial, for we find them equally in fault, and * * * leaves neither in

a position to demand interposition of the court." *Cate* v. *Cate,* 53 Ark. 484.

Recent applications of the same principle—and the principle controlling in this case—are found in *Womack* v. *Womack,* 73 Ark. 281, and *Healy* v. *Healy,* 77 Ark. 94.

The divorce should not have been granted.

Application is made for the allowance of an attorney's fee for services in prosecuting this appeal in behalf of the wife. Such allowances are usually proper, and form a species of temporary alimony, and are granted for like reasons. 2 Nelson, Marriage and Divorce, sec. 875. A refusal on part of the husband to · obey such orders gives ground for attachment for contempt. 2 Nelson, Marriage and Divorce, § 939. This is not a divorce suit now in the proper sense of the term, but a mere review of a divorce decree to ascertain its correctness in order to fix property rights. The reasons usually appealing to a court in favor of such allowances do not appear here, and the usual means of enforcing such order no longer exist.

There is no reason why appellant should not pay her counsel, just as ordinary litigants over property rights must do.

The divorce decree appealed from is reversed, and judgment will be entered to that effect as of date of the submission of the appeal.