JACKSON COUNTY ex rel. STELLA FARLEY, Appellant, v. JOHN SCHMID et al., Respondents.

Kansas City Court of Appeals, January 24, 1910.

1. HABITUAL DRUNKENNESS: Selling Liquor After Notice: Notice: Agent. The notice to be given by the wife of an habitual drunkard to a dramshop keeper not to sell him liquor, under section 3017, Revised Statutes 1899, need not be in writing to authorize the recovery of damages by the wife against the dramshop keeper for selling liquor to the husband and when such notice is given to the agent who sells the liquor it is notice to the principal.

2. HABITUAL DRUNKARD: Statute Prohibiting Sale of Liquor: Construction. Section 3017, Revised Statutes 1899, regulating

the sale of liquor to habitual drunkards is remedial rather than penal, and is to be reasonably, even liberally, construed, and its meaning is to be controlled largely by the context and the purposes of the enactment.

3. ———: Notice: Form of. Where a dramshop keeper is notified not to sell liquor to a certain person and he knows that such person is an habitual drunkard the notice need not recite that fact.

4. ———: ———: Definition. One who has the drink habit so firmly fixed upon him that he becomes drunk with recurring frequence periodically, or that he is unable to resist when the opportunity is presented is an habitual drunkard. It is not necessary that he be constantly drunk, or that he has more drunken than sober hours.

5. PRINCIPAL AND AGENT: Notice to Agent: Presumption of Receipt: By Principal. The law conclusively presumes that where a notice has been given to an agent in the course of his employment, the agent has fully advised the principal thereof.

Appeal from Jackson Circuit Court.—*Hon. Walter A. Powell*, Judge.

REVERSED AND REMANDED (*with directions*).

*Aleshire, Hardin & Gundlach* for appellant.

The court erred in sustaining defendant's motion for a new trial on the ground that plaintiff's instructions were wrong. Plaintiff's instructions are the law and the court committed no error in giving them. Loftus v. Met. St. Railway Co., 220 Mo. 481; Green Co. ex rel. v. Wilhite, 29 Mo. App. 459; Draper v. Fitzgerald, 30 Mo. App. 522; State v. McCance, 110 Mo. 404; R. S. 1899, secs. 3010, 3017, 3009; Smith v. Reynolds, 8 Hun (N. Y.), 128; Hayward v. Insurance Co., 50 Mo. 181; Kehrig v. Peters, 41 Mich. 475, 2 N. W. 801; Meyer v. Blume, 80 Mo. App. 183; Hickman v. Green, 123 Mo. App. 174; Hedrick v. Beeler, 110 Mo. App. 98; Vinton v. Bld's Ass'n, 9 N. E. 177; Wiles v. Southbury, 43 Conn. 53; State v. Kittelle, 15 L. R. A. 697; Bergman v. Railway, 104 Mo. App. 86; 31 Cyc., 1587-4; 31 Cyc.,

1585, 3 E., 2 D.; Kyle v. Goff, 105 Mo. App. 672; Whitson v. Bank, 105 Mo. App. 605; Hackett v. Van Frank, 105 Mo. App. 384; O'Donnell v. Rey, 107 Mo. App. 34; Collette v. Rebori, 107 Mo. App. 711.

F. W. *Kander* and *Olney Burrus* for respondents.

(1) Before a cause of action arises under the provisions of section 3017, Revised Statutes 1899, the dealer, the person to whom the license is issued, the proprietor, must be notified. It is not sufficient that such notice be given to his clerk or assistant. Eilke v. McGrath, 100 Ky. 537; Same case cited, 38 S. W. 877; Regan v. Wooten, 16 S. W. 546; Pegram v. Stortz, 6 S. E. 538; Town v. Railroad, 45 Ill. App. 572-581; Engle v. State, 97 Ind. 122. (2) Where an action is predicated on a statute and a notice is required by statute, the court cannot substitute some other form of notice as an equivalent. In the case at bar, the statute provides that the notice shall be served in the manner and on the person named therein, "the dramshop keeper." Service on another is not a compliance with the statute. Ryan v. Kelly, 9 Mo. App. 396; Boyle v. Railroad, 113 Mo. 285; Sedalia v. Gallie, 49 Mo. App. 397; Meyer v. Christian, 64 Mo. App. 205; Thomas v. Babb, 45 Mo. 384; Hinchen v. O'Bannon, 56 Mo. 289; Modisett v. McPike, 74 Mo. 648. (2) The court will sustain the order of the lower court in granting a new trial on the same or on other grounds although not set out in the order granting the new trial. Hewitt v. Steele, 118 Mo. 463; Emerson v. Quade, 176 Mo. 22; Hoepper v. Hotel Co., 142 Mo. 378; Saville v. Huffsteeter, 63 Mo. App. 273; Jegglin v. Roeder, 79 Mo. App. 428.

JOHNSON, J.—This suit is prosecuted by a married woman against a dramshop keeper and his bondsmen to recover damages for the sale of intoxicating liquor to her husband, an habitual drunkard.

The petition is in four counts, but two were dis-

missed at the trial and the verdict was rendered on the remaining two, viz., the first and the fourth. Afterward, the court sustained a motion for a new trial filed by defendant, on the ground of "error in giving instructions for plaintiff and in refusing instructions for defendant." Plaintiff appealed from the order and judgment granting a new trial.

Defendant was a licensed dramshop keeper in business at Sheffield, near Kansas City, but lived on a farm about two miles from his dramshop. The evidence of plaintiff tends to show that on account of ill health defendant spent most of his time on the farm and entrusted the management of the dramshop to his son; that the husband of plaintiff was an habitual drunkard who spent much of his time and wages in defendant's dramshop; that plaintiff went to the place while her husband was there drinking, and orally notified the defendant's son who was there in charge of the business, not to sell her husband liquors, and that afterwards, on the occasions alleged in the first and fourth counts of the petition, sales of intoxicating liquors were made to the inebriate husband, despite the notice.

The evidence of defendant differs in important respects from that of plaintiff, but the questions of law we are called upon to decide require us to consider the facts in the light most favorable to plaintiff. The part of the instructions given at the request of plaintiff which the court at the hearing of the motion for a new trial found to be erroneous is as follows: "If they (the jury) believe from the evidence . . . that Stella Farley verbally notified the defendant or John Schmid, his son, if they find from the evidence he was his agent in charge of his said saloon . . . not to sell, give away or otherwise dispose of to the said William S. Farley any intoxicating liquors and that afterwards the said John Schmid, or his agents in charge of his saloon and dramshop . . . did sell," etc.

The question in controversy is whether or not oral

notice to the managing agent in charge of defendant's business was notice to defendant within the meaning of section 3017, Revised Statutes 1899. The material portion of that statute is that: "Any dramshop keeper . . . selling, giving away or otherwise disposing of or suffering the same to be done about his premises, any intoxicating liquors to any habitual drunkard after such dramshop keeper . . . shall have been notified by the wife . . . not to sell . . . to such person . . . shall forfeit and pay to such wife . . . for every such offense a sum not less than fifty nor more than five hundred dollars to be recovered by the party entitled to sue by civil action . . . A notice given under this section shall be deemed a continuing notice to the person notified."

Defendant invokes the rule that "where the statute requires notice without prescribing the method of service, personal notice is intended" (Ryan v. Kelly, 9 Mo. App. 396; Doyle v. Railroad, 113 Mo. 1. c. 285; City v. Gallie, 49 Mo. App. 1. c. 397), and points to the case of Eilke v. McGrath, 100 Ky. 537, decided by the Court of Appeals of Kentucky, as an authority directly in point. We find the Kentucky statute differs from ours in phraseology and meaning. There the wife is required to give a formal written notice to "the person so selling prior to the offense complained of." Our statute does not say that the notice shall be written, nor does it specifically provide that it shall be given to the person making the sale. Though it provides for a penalty, the statute is not of the class called penal (Edwards v. Brown, 67 Mo. 377). It is highly remedial and we think should be reasonably, even liberally, construed in order that due effect may be given the beneficent intent it clearly expresses. [Pettis Co. v. DeBold, 136 Mo. App, 265.] The words "notified" and "notice" as employed in this statute are not to be considered as in any degree technical, but as synonymous with information, intelligence, knowledge. [Wile v. Town of Southbury, 43

Conn. 53.] The word "notice" does not necessarily imply notice given in writing. The meaning to be given it by the courts is to be controlled largely by the context and by the purpose of the enactment. An oral notice given the agent who sold, or allowed the liquor to be sold, was notice to the principal. "The duty of an agent to inform his principal of all material facts, is a duty which the law conclusively presumes that the agent has performed and a principal is, therefore, affected with knowledge of all material facts, of which the agent receives notice or acquires knowledge while acting in the course of his employment and within the scope of his authority, although the agent does not inform his principal thereof." [31 Cyc. 1587.]

Under this rule, the presumption should be indulged that defendant received the notice and, as a matter of fact, the evidence of plaintiff shows that he did receive it. The point that the notice is insufficient is purely technical—too technical to defeat what appears to be a meritorious cause of action.

The first instruction asked by the defendant required the jury to find that plaintiff notified defendant *"that her husband was an habitual drunkard,* and not to sell or give to William Farley any intoxicating liquors," etc. The court gave the instruction, after striking out the words we have italicized. The statute (section 3017) does not require the wife to do more than to notify the dramshop keeper not to sell her husband intoxicating liquors. A case might be imagined where, in justice to the dramshop keeper, the warning should be accompanied by a statement of the reason for giving it, but in the present instance, defendant's agent could not fail to know the reason. Plaintiff's husband made defendant's saloon his loafing place; he was a wage earner, and when he drew his money, he spent practically all of it at defendant's bar, leaving his wife and children in want. When plaintiff went to the dramshop to find her husband and told defendant's son

not to sell him any more liquor, the son knew the reason, and it would be a mockery of justice should defendant be suffered to escape liability on the ground that plaintiff failed to state that her husband was an habitual drunkard. Defendant asked the court to instruct the jury "that the term 'habitual drunkard' as used in these instructions is a person given to inebriety or the excessive use of intoxicating drinks to the extent that he has lost the power or will, by frequent indulgence, to control his appetite for it *to such an extent that he becomes intoxicated as often as the temptation is presented by his being in the vicinity where intoxicating liquors are sold.*"

The court struck out the italicized part of the instruction and gave it as so modified. The instruction as given sufficiently defines the term "habitual drunkard." [Ishler v. Ishler, 81 Mo. App. 567; Glenn v. Glenn, 87 Mo. App. 377; Page v. Page, 43 Wash. 293.] We quote with approval the definition of the term in Page v. Page, supra: "To be a habitual drunkard a person does not have to be drunk all the time, nor necessarily incapacitated from pursuing during the working hours of the day ordinary unskilled manual labor. One is a habitual drunkard, in the meaning of the divorce laws who has a fixed habit of frequently getting drunk. It is not necessary that he be constantly or universally drunk, nor that he have more drunken than sober hours. It is enough that he have the habit so firmly fixed upon him that he becomes drunk with recurring frequence periodically, or that he is unable to resist when the opportunity and temptation is presented."

Other points are made, but we shall dispose of them by saying the case was fairly tried, without substantial error, and that a new trial should not have been granted. Accordingly the judgment is reversed and the cause remanded with directions to enter judgment for plaintiff on the verdict in accordance with the views expressed. All concur.