## O'KANE *v.* O'KANE.

### Opinion delivered April 29, 1912.

DIVORCE—HABITUAL DRUNKARD.—To be an habitual drunkard within the meaning of the divorce laws, a person does not have to be constantly drunk, nor incapacitated from transacting business; it is sufficient if he has a fixed habit of frequently and repeatedly getting drunk when the opportunity presents itself, or has lost the will power to resist temptation in that respect.

Appeal from Franklin Chancery Court, Ozark District; *J. V. Bourland,* Chancellor; reversed.

*W. W. Cotton, R. J. White* and *Sellers & Sellers,* for appellant.

1. The evidence clearly establishes appellee's habitual drunkenness, within the meaning of the statute.

One may be an habitual drunkard, and still be able to attend to his usual business, even though there may be intervals when he entirely refrains from the use of intoxicating drinks. 38 Ark. 324; 117 Am. St. Rep. 1054; 8 Pac. 110, 112; 35 Mich. 210; 137 S. W. 56; 84 Mo. App. 208; 19 Ill. 465.

2. Appellee's testimony to the effect that appellant condoned his faults of drunkenness and adultery is without corroboration, and is met by appellant's positive proof that she had never lived with him after the separation on these grounds; but a condonation is always conditional. If there had been a condonation and the offense or offenses were subsequently repeated, the original condonation would not extend to the later offenses. 27 Am. St. Rep. 480; 9 Am. & Eng. Enc. of L. (2 ed.), 822; 14 Cyc. 638; 23 Am. Rep. 305; 58 Am. Dec. 78; 56 Am. Dec. 231; 8 Cyc. 560; 1 Nelson on Divorce, § 459; 97 Am. Dec. 92; 2 Gray 441, 442; 1 Hagg. Ecc. 782; 1 *Id.* 763; 2 Hagg. Supp. 114; 60 Am. Dec. 296; 52 Pac. 299; 56 S. W. 858; 6 N. E. 19; 54 N. E. 868; 47 N. E. 123; 130 S. W. 265.

3. A false charge by a husband against his wife of adultery, which the evidence shows was not made in good faith, amounts to cruelty and indignity. 134 S. W. 963; 133 *Id.* 524; 17 *Id*; 573; 2 *Id.* 823; 73 *Id.* 756. The circumstances in 17 S. W. 573 to prove adultery were much stronger than in this case. See 40 N. J. Eq. 566; 62 Tex. 518; 60 *Id.* 451; 131 S. W. 1139.

*Sam R. Chew,* for appellee.

1. The charge of habitual drunkenness is not sustained. There must be *habitual* drunkenness extending through a period *not less* than one year. 9 Ark. 507; 38 *Id.* 324; 44 *Id.* 216; 72 *Id.* 67; 73 *Id.* 489; 62 *Id.* 611; 90 *Id.* 40.

2. The evidence fails to prove adultery on part of appellee, but does show appellant's guilt. Cases *supra.* But, if appellee was guilty, the offense was condoned. 23 Ark. 615; 62 *Id.* 611; 73 *Id.* 281; 65 *Id.* 87.

3. The chancellor correctly found that both were equally at fault, and neither entitled to relief. 53 Ark. 484.

4. The father was entitled to the custody of the child, unless unfit or incompetent. 32 Ark. 92; 37 *Id.* 28; 82 *Id.* 461.

HART, J. Plaintiff, Lizzie O'Kane, instituted this action for divorce against the defendant, Walter O'Kane, in the chancery court, and for cause charged that the defendant had been addicted to habitual drunkenness for the period of one year prior to the commencement of the action. Subsequently she filed an amendment to her complaint in which she charged him with adultery. The defendant answered and denied the allegations of the complaint, and for grounds of cross complaint charged his wife with adultery. The chancellor dismissed both the complaint and cross complaint for want of equity. They had one child, a girl about seven years of age, and the mother was awarded her custody with the right of the father to visit the child on all proper occasions. The case is here on appeal.

Our statute provides that where either party shall be addicted to habitual drunkenness for the space of one year, it shall be a ground for divorce. Kirby's Digest, § 2672. Bouvier, in his law dictionary, defines an habitual drunkard to be a person given to inebriety or the excessive use of intoxicating drink, who has lost the power or will, by frequent indulgences, to control his appetite for it. In regard to this question in the case of *Brown* v. *Brown,* 38 Ark. 324, Mr. Justice HARRISON, speaking for the court, said:

"Habitual drunkenness, or the degree or course of intemperance that amounts to it, can not be exactly defined. We may, however, say in general terms that one is addicted to habitual drunkenness who has a fixed habit of frequently

getting drunk, and he may be so addicted though he may not oftener be drunk than sober, and may be sober for weeks" (citing authorities).

In the case of *Burns* v. *Burns*, 13 Fla. 369, the court said that the charge of habitual intemperance or drunkenness, within the meaning of the divorce laws, evidently referred to a persistent habit of becoming intoxicated through the use of strong drinks, thus rendering the party's presence in the marital relation disgusting and intolerable. *Rose* v. *Rose*, 9 Ark. 507; *Magahay* v. *Magahay*, 35 Mich. 210.

In the latter case the court held that one who has the habit of indulging in intoxicating liquors so firmly fixed that he becomes intoxicated as often as the temptation is presented to him is an habitual drunkard within the meaning of the divorce laws. The court said: "He either makes no vigorous effort to resist and overcome the habit, or his will has become so enfeebled by indulgence that resistance is impossible."

To be an habitual drunkard, within the meaning of the divorce laws, a person does not have to be constantly drunk, nor necessarily incapacitated from transacting his business. It is sufficient if he has a fixed habit of frequently and repeatedly getting drunk when the opportunity presents itself or has lost the will power to resist temptation in that respect. The transcript in this case contains over a thousand type-written pages, and no useful purpose could be served by setting out the testimony in detail and commenting at length upon it. We deem it sufficient to state that we have carefully read and considered the testimony, and have come to the conclusion that a clear preponderance of the evidence establishes the fact that the defendant was an habitual drunkard, and that the chancellor erred in dismissing the complaint for want of equity.

On the question of the plaintiff's adultery, we have carefully examined and considered the evidence pertaining to that also, and are of the opinion that a preponderance of the evidence does not establish it. Hence the chancellor was right in dismissing the cross complaint for want of equity. We are also of the opinion that the chancellor did not err in awarding the custody of the little girl to the mother.

It follows, that the decree of the chancellor, in so far as it dismissed the complaint of the plaintiff for want of equity,

was erroneous, and the case will be remanded with directions to grant the prayer of the complaint on the ground of drunkenness. The court will also proceed to set apart to plaintiff, in accordance with the terms of the statute governing in such cases, one-third of her husband's property, and will also allow a reasonable fee to plaintiff's solicitors, for services in this cause the same to be paid out of defendant's property before division as aforesaid. The chancellor's order for alimony will be continued until final decree is entered on remand of the cause.

In other respects the decree will be affirmed.