WILSON *v.* WILSON.

Opinion delivered March 19, 1917.

1.    DIVORCE—HABITUAL DRUNKENNESS.—Habitual drunkenness is not shown by the habitual but moderate use of intoxicating liquors. The charge of habitual drunkenness, within the statute is shown, however, by proving that the person has a persistent habit of frequently getting drunk; it is not necessary that he be constantly drunk, nor that he have more drunken than sober hours. It is enough that he has the habit so firmly fixed upon him that he becomes drunk frequently and is unable to resist when opportunity or temptation is presented.

2.    DIVORCE—DRUNKENNESS AND CRUEL TREATMENT.—Although the defendant husband was guilty of habitual drunkenness, the ground

for divorce stated in the statute, the plaintiff wife will be denied a divorce when she has herself been guilty of cruel treatment of the husband, which is another ground for divorce under the statute.

3. SAME—SAME—RECRIMINATORY DEFENSES.—Habitual drunkenness for one year and statutory cruel treatment are each grounds for divorce, and each is a good recriminatory defense to the other.

Appeal from Arkansas Chancery Court; *John M. Elliott,* Chancellor; affirmed.

*Botts & O'Daniel,* for appellant.

1. The finding that appellee was a habitual drunk-ard is sustained by the evidence, but the court erred in its finding as to the misconduct of appellant. 9 Ark. 517; 18 *Id.* 327; 33 *Id.* 161; 34 *Id.* 43; 38 *Id.* 119; 44 *Id.* 434; 76 *Id.* 28; 115 *Id.* 32.

2. Profanity and abusive language are not legal grounds of divorce, where the life is not impaired nor condition rendered intolerable. 104 Ark. 381, 384-6.

3. Habitual drunkenness was proven. 103 Ark. 382-4.

*John W. Moncrief,* for appellee.

1. Appellant failed to prove habitual drunkenness. 103 Ark. 382; 86 *Id.* 364. Appellee was entitled to a divorce if he had asked it. Appellant was equally at fault, and her conduct very reprehensible. She did not come into court with clean hands. She was a fusser and a cusser, and aggravated appellant when he was drinking, and at other times. The decree should not be reversed.

HART, J. Sallie Wilson instituted an action for divorce against her husband, W. W. Wilson, on the ground that he had been addicted to habitual drunkenness for the period of one year before the bringing of the action.

The record shows that the husband filed an answer to the complaint, but it does not contain the answer itself. The record also shows that the parties were given time within which to take depositions.

Upon final hearing of the case, the chancellor found that the testimony of the plaintiff's witnesses established the fact that her husband had been addicted to habitual

drunkenness for the period of one year before the institution of the suit. The chancellor further found that the plaintiff had offered such indignities to the person of the husband as to render his condition in life intolerable. He was of the opinion that both parties were equally at fault and dismissed the plaintiff's complaint for want of equity. The plaintiff has appealed.

(1) Habitual drunkenness is not shown by the habitual, but moderate, use of intoxicating liquors. The charge of habitual drunkenness within the statute is shown, however, by proving that the person has a persistent habit of frequently getting drunk. It is not necessary that he be constantly drunk, nor that he have more drunken than sober hours. It is enough that he has the habit so firmly fixed upon him that he becomes drunk frequently, and is unable to resist when opportunity or temptation is presented. *O'Kane* v. *O'Kane,* 103 Ark. 382.

Tested by this rule, we think the court was correct in holding that the testimony of the plaintiff showed that the defendant was an habitual drunkard within the meaning of our divorce statute. We do not deem it necessary to abstract the testimony on this point, for the reason that we think the chancellor properly denied the plaintiff relief, because she was equally at fault.

(2-3) Habitual drunkenness for one year and statutory cruel treatment are each grounds for divorce in our statute. Section 2672 of Kirby's Digest. Hence, each is a good recriminatory defense to the other. It is well settled that one who has been guilty of misconduct, which is in itself a ground for divorce, has no standing to demand a divorce upon another statutory ground. In such cases the parties will be denied relief because they are equally in fault. *Malone* v. *Malone,* 76 Ark. 28; *Healy* v. *Healy,* 77 Ark. 94.

It is true in the present case the answer of the defendant is not in the record, but the record does show that the defendant filed an answer, and also was granted leave to take testimony. The depositions filed by him tended to disprove the charge of habitual drunkenness on his part,

and to establish statutory cruel treatment on the part of his wife. The evidence adduced by him tended to show that his wife frequently cursed and abused him in the presence of others; that she accused him of being drunk when he had not drank any intoxicating liquors at all; that she had threatened him with bodily harm before their separation, and had threatened to kill him after she separated from him.

His wife admitted that she had gotten a butcher knife to him at one time, but stated that she had done so because he was drunk and had a gun. She also admitted that she had kicked him on one occasion, but she stated that she had done so because he had mistreated one of the children. She also admitted that after she had separated from her husband, she had threatened to kill him if he came back to her house, and said that she was disgusted with him and had a settled hatred for him because of his drinking.

Without going into details, it may be said that the other evidence in the case shows that the defendant always treated his wife kindly when he was not drunk, and that she was in the habit of cursing and abusing him without any cause therefor; that she had a very violent temper and systematically treated her husband with rudeness and contempt.

It follows that the decree was correct, and it will be affirmed.