## MARTHA MELHEIM v. BOTOLPH MELHEIM.[1]

March 4, 1949.

Nos. 34,770, 34,822.

*E. M. Perrier* and *Emmett F. Tighe,* for appellant.
*Willard B. Crowley,* for respondent.

KNUTSON, JUSTICE.

This is an action for divorce upon the ground of habitual drunkenness. After a contested trial, the court found for plaintiff. Thereafter, judgment was entered pursuant to the findings of the court. Alternative motions for amended findings or a new trial were denied by the court, and defendant appeals from such order and from the judgment.

Plaintiff and defendant were married on October 28, 1929. To this union one child was born during the year 1930.

Defendant contends that the evidence does not sustain a finding of habitual drunkenness for the requisite statutory period of one year preceding the commencement of the action.

[1]Reported in 36 N. W. (2d) 398.

■ The definition of habitual drunkenness as contemplated by divorce statutes is quite well settled. The cases are collected in Annotation, 120 A. L. R. 1177. The general rule is also found in 27 C. J. S., Divorce, § 48b, and 17 Am. Jur., Divorce and Separation, § 135.

We are in accord with the definition followed by a great many other states. The general rule is stated in Hereid v. Hereid, 209 Minn. 573, 575, 297 N. W. 97, 98, as follows:

"It is necessary for the complainant to establish the existence of *habitual* resort to intoxicants. An occasional, nonhabitual consumption of alcohol, even to excess, does not make the consumer an habitual drunkard within the divorce laws. Bizer v. Bizer, 110 Iowa, 248, 81 N. W. 465; Moor v. Moor, 211 Ala. 56, 99 So. 316; Acker v. Acker, 22 App. D. C. 353; Broderick v. Broderick, 191 La. 492, 186 So. 5, 120 A. L. R. 1173. The condition contemplated by the statute is the fixed habit of frequently drinking intoxicating liquors to excess. Walton v. Walton, 34 Kan. 195, 8 P. 110; Brown v. Brown, 38 Ark. 324; Kennedy v. Kennedy, 101 Fla. 239, 134 So. 201. The indulgence must be so extensive that an enfeebled will, broken down through frequent acquiescence, either prevents or does not desire any active resistance to alcoholic opportunity. Magahay v. Magahay, 35 Mich. 210; Page v. Page, 43 Wash. 293, 86 P. 582, 6 L.R.A.(N.S.) 914, 117 A. S. R. 1054. This does not mean that the alleged drunkard must 'have more drunken than sober hours' (Wilson v. Wilson, 128 Ark. 110, 193 S. W. 504, 505); or 'become intoxicated every day, or even every week' (McBee v. McBee, 22 Or. 329, 333, 29 P. 887, 889, 29 A. S. R. 613); nor 'that drunkenness shall be at regular periods, nor occur every time one has access to intoxicating liquors' O'Byrne v. O'Byrne, 211 Ala. 450, 100 So. 781. 'One may refrain from drink for a considerable time and yet be an habitual drunkard.' Bill v. Bill, 178 Iowa, 1025, 1029, 157 N. W. 158, 159. What is essential is the existence of a frequent, periodic manifestation of an uncontrolled appetite for alcoholics."

The application of the rule to any given state of facts is more difficult. As we said in the Hereid case (209 Minn. 574, 297 N. W. 98):

"* * * Admittedly, a definitive statement designed to fix the factual limits of 'habitual drunkenness' for all cases is neither possible nor desirable. Individual susceptibilities to habit defy accurate generalization."

Plaintiff claims that defendant has been a user of alcoholic beverages during practically their whole married life. While defendant denies that he is an habitual drunkard, he does not deny that he has on occasions used intoxicating liquors. He contends that for a number of years plaintiff has persisted in working in restaurants and beer parlors in spite of his objections and that as a result she has neglected to provide a proper home for him and in particular that she has failed to prepare meals at proper times. He claims that this has caused him to become so dissatisfied with conditions in their home that he has at times sought relief in the use of intoxicating liquor. These claims plaintiff vigorously denies. She contends that she obtained work away from home upon the advice of her physician as relief from a nervous condition caused by defendant's conduct while drinking.

The evidence, as usual in contested divorce cases, is conflicting. Among other things, the court could reasonably find that defendant had indulged in the use of intoxicants more or less freely during all or most of the married life of the parties; that on several occasions it has been necessary for plaintiff to call for help from police officers and that on one occasion the sheriff of Watonwan county arrested defendant and he spent the night in jail; that defendant's drinking became so bad at one time during their married life that the parties broke up their home at Butterfield and moved to Hanska, so that defendant could make new acquaintances and try to discontinue his drinking; that members of Alcoholics Anonymous have called on him in an effort to induce him to discontinue his drinking and that other businessmen in the locality in which he

has lived have also called on him for the same purpose; that after the divorce action was commenced the trial of the case was continued over one term of court at the request of plaintiff in order to give defendant another chance to straighten up, but to no avail; and that on occasions while he has been intoxicated he has struck plaintiff and in other ways has been abusive.

The evidence is corroborated to some extent by admissions of defendant and by other witnesses. Witnesses called for defendant admit that he is an occasional drinker, but deny that he is an habitual drinker.

While the evidence is not as strong as it is in some of the other cases, we believe that the trial court, having the parties before him, could reasonably conclude from the evidence that defendant has been, during more than one year prior to the commencement of this action, an habitual drunkard and that the corroborating evidence was sufficient to comply with our statute. Consequently, the trial court's decision must be and is affirmed.

It is ordered that plaintiff be allowed $250 attorney's fees on this appeal, plus her costs and disbursements.

Affirmed.