McCollum *v.* McCollum.

5-1219                                                   301 S. W. 2d 565

Opinion delivered April 22, 1957.

[Rehearing denied May 27, 1957]

*J. B. Reed,* for appellant.

*William C. Daviss,* for appellee.

ED F. McFADDIN, Associate Justice. From a decree granting the wife a divorce,[1] the husband prosecutes this appeal urging only the two points herein discussed.

I. *Appellant's First Point.* "The appellee failed to prove and corroborate a cause of action against the appellant." The parties were married in 1937 and lived together until May, 1955. They have two sons, aged 15 and 16 respectively. Mrs. McCollum filed this suit shortly after the separation and alleged:

"That prior to their separation, defendant for a long period of time has pursued a course of rudeness, contempt, studied neglect, physical abuse and open insult toward plaintiff, in an habitual and systematic manner so as to make plaintiff's condition in life intolerable. That plaintiff did at no time do anything to merit such treatment, and that, in fact, on several occasions, defendant has recognized or admitted his mistreatment of plaintiff and has promised to refrain from such treatment."

The evidence sustained the quoted allegations. Mr. McCollum struck and beat his wife on numerous occasions, as shown by several witnesses. Not only were there repeated acts of physical violence committed by Mr. McCollum, but many other acts, shown and corroborated, sufficient to support a decree against him either on the ground of cruel and barbarous treatment or on the ground of indignities.[2] To recount all of these

---

[1] The decree awarded the wife custody of the two children, alimony, attorney's fees, and property rights. The correctness of the decree regarding these items is not an issue on this appeal.

[2] These are in the fifth sub-division of § 34-1202 Ark. Stats.

would serve no useful purpose. It is sufficient to say that the appellant was guilty of acts sufficient to support the decree and that the wife's testimony was corroborated by several witnesses.

II. *Appellant's Second Point.* "Both parties were equally guilty of mistreatment of the other and the appellee should have been denied a decree in her favor." Appellant cites § 34-1209 Ark. Stats., the germane portion of which reads: "If it shall appear to the Court that . . . both parties have been guilty of . . . such other offense or injury complained of in the bill, then no divorce shall be granted or decreed."

Appellant says:

"For many years, it was consistently held by this Court that, in cases where the spouses were equally at fault, neither could obtain a divorce. *Malone* v. *Malone,* 76 Ark. 28, 88 S. W. 840; *Healey* v. *Healey,* 77 Ark. 94, 90 S. W. 845; *Strickland* v. *Strickland,* 80 Ark. 451, 97 S. W. 659; *Wilson* v. *Wilson,* 128 Ark. 110, 193 S. W. 504; *Cate* v. *Cate,* 53 Ark. 484, 14 S. W. 675."

The language of our statute and cases—that where each of the parties is guilty of an act of divorce then the court denies relief to both of them—is known as the "Doctrine of Recrimination".[3] As applied to divorce cases, "recrimination" is defined in Black's Law Dictionary as "a showing by the defendant of any cause of divorce against the plaintiff in bar of the plaintiff's cause of divorce".

In some of our cases we have affirmed a decree granting a divorce to a spouse of whom we have said, "she was not without fault". The same can be said of the appellee in the case at bar. But *"fault"* does not mean *"guilty of conduct which is a cause for divorce"*; and before the rule of recrimination can be applied, it

---

[3] In *Young* v. *Young,* 207 Ark. 36, 178 S. W. 2d 994, we discussed the history of recrimination. In 3 Ark. Law Review 132 there is an article on "Mutual Misconduct in Arkansas Divorce", which discusses recrimination. Also in 17 Am. Jur. 267 *et seq.* there is a discussion of recrimination. For some of our recent cases involving recrimination see: *Franks* v. *Franks,* 211 Ark. 919, 204 S. W. 2d 90; and *Evans* v. *Evans,* 219 Ark. 325, 241 S. W. 2d 713.

must be shown that the party has been guilty of conduct which is a cause for divorce. Hardly any human being is always and forever free of *fault*. In *Franks* v. *Franks*, 211 Ark. 919, 204 S. W. 2d 90, the lower court, in granting the wife a divorce, had said of the parties: "Both of them have done things that should not have been done, and neither of them was free from blame for their troubles . . ." On appeal, the appellant argued that such statement by the lower court prevented the wife from having a divorce. But Mr. Justice McHANEY, speaking for this Court, said of the language of the lower court as quoted:

"In using the language above quoted, the court did not make any finding that appellee had been guilty of any indignities to appellant and none are claimed by him, and the court, no doubt, had reference to the fact, freely admitted by her, that she had on social occasions partaken of intoxicants in small quantities with her husband and others, but never to excess, and that she had played cards for small stakes, such as penny ante poker. We agree with the trial court that this kind of conduct should not have been indulged in by either of them, especially by appellee . . . We think the court was warranted in finding that appellee's indiscretions and misdeeds in these respects were not sufficient to justify a denial of the decree, and that the rule relied on by appellant, stated in the Widders Case,[4] and a number of others cited, is not here violated."

Before the rule of recrimination could have been invoked to bar Mrs. McCollum from a divorce in the case at bar, Mr. McCollum had to prove that she had been guilty of conduct which is a cause for divorce. We find no such evidence. That she had at spasmodic intervals consumed intoxicants did not prove that she was "addicted to habitual drunkenness for a space of one year", as is the statutory ground.* That she had quarreled with Mr. McCollum when both were drinking does not show "such cruel and barbarous treatment as to endanger"* his life, or that she had been guilty of "such indignities to

---

[4] This is *Widders* v. *Widders*, 207 Ark. 596, 182 S. W. 2d 209.

the person of the other as to render his condition intolerable".* Mr. McCollum admitted that he was the greater drinker of the two. While Mrs. McCollum's conduct on a number of instances is subject to criticism, nevertheless Mr. McCollum failed to show that she had been guilty of conduct which is cause for divorce; so he cannot successfully claim the application of the rule of recrimination.

The decree is affirmed, with all costs against appellant, and also $100.00 additional to be taxed as attorney's fees for services by Mrs. McCollum's attorney in this Court.

CARLETON HARRIS, Chief Justice, not participating.

---

* The statute referred to and quoted is § 34-1202 Ark. Stats.