119 N.J. Super. 4 (1972)
289 A.2d 549
HELEN CATHLEEN McVEY, PLAINTIFF,
v.
FRANK McVEY, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided April 3, 1972.
*5 Mr. Bruce R. Sandles for plaintiff (Messrs. Sandles and Frieman, attorneys).
Mr. William J. Tamburri for defendant.
CONSODINE, J.C.C. (temporarily assigned)
Plaintiff sues for divorce under N.J.S. 2A:34-2(e), the necessary elements of which are (1) habitual drunkenness, (2) for a period of 12 or more consecutive months, (3) subsequent to the marriage, and (4) next preceding the filing of the complaint. The proofs clearly satisfy the last three.
We have no statutory or case law definition of habitual drunkenness although there is reference thereto in a few of our reported cases. The reference depends on the facts of the case. There is no abstract definition in our State. See Morrone v. Morrone, 44 N.J. Super. 305 (App. Div. 1957).
[Drunkenness] is the effect produced upon the mind or body by drinking intoxicating liquor to such an extent that the normal condition of the subject is changed, and his capacity for rational action and conduct is substantially lessened. [Lecates v. Lecates, 38 Del. 190, 190 A. 294, 296 (Super. Ct. 1937)]
However, it is much more difficult to indicate what is deemed to be habitual drunkenness in every case in which a divorce is sought on this ground. Dennis v. Dennis, 68 Conn. 186, 36 A. 34 (Sup. Ct. 1896).
Admittedly, a definitive statement designed to fix the factual limits of `habitual drunkenness' for all cases is neither possible nor desirable. Individual susceptibilities to habit defy accurate generalization. [Melheim v. Melheim, 228 Minn. 89, 36 N.W.2d 398, 399 (Sup. Ct. 1949)]
Habitual intemperance is made a ground for divorce because of the physical, social, nervous and economic hazard it produces. [Todd v. Todd, 56 So.2d 441, 443, 29 A.L.R.2d 920, 924 (Fla. Sup. Ct. 1951)]
Many of our sister states have heretofore made habitual drunkenness a specific statutory ground for divorce and defined *6 the words in case law. Lecates v. Lecates, supra; Todd v. Todd, supra; McBee v. McBee, 22 Or. 329, 29 P. 887 (Sup. Ct. 1892); Page v. Page, 43 Wash. 293, 86 P. 582 (Sup. Ct. 1906); O'Kane v. O'Kane, 103 Ark. 382, 147 S.W. 73 (Sup. Ct. 1912); Lewis v. Lewis, 235 Iowa 693, 17 N.W.2d 407 (Sup. Ct. 1945); Kessel v. Kessel, 131 W. Va. 239, 46 S.E. 2d 792 (Sup. Ct. 1948); 120 A.L.R. 1176 (1939); 29 A.L.R.2d 925 (1953); 24 Am. Jur.2d, § 90 at 250 (1966). E.V. Rostow, "Drunkenness and Divorce," 2 Quart. J. Stud. Alcohol, 529-606 (1941). From the congeries of their reasons we can draw a definition.
Habitual drunkenness is a fixed, frequent, irresistible or regular habit of drinking alcoholic beverages in such excessive quantities as to produce drunkenness.
Corroborated proof was that defendant progressed from a social drinker to an inebriate who was drunk four or five times a week on a regular basis both at home and in public.
Plaintiff's proof is well within the legislative use of the words "habitual drunkenness." Judgment of divorce to plaintiff under N.J.S. 2A:34-2(e).