Williams *v.* Williams.

Opinion delivered February 28, 1916.

1.　Divorce—indignities to person.—Under the evidence, *held*, a wife was entitled to divorce on account of the indignities to her person, offered and committed by her husband, rendering her condition intolerable.

2.　Divorce—property of wife.—When a wife is granted a divorce from her husband, property will be decreed to her, which she purchased out of her own means, and from her savings from her husband's earnings, which he turned over to her, for the support of the family.

Appeal from Prairie Chancery Court; *John M. Elliott,* Chancellor; affirmed.

*J. S. Thomas,* for appellant.

1. The testimony fails to show that defendant was an habitual drunkard for more than one year. Her testimony, except as to an occasional spree, is not supported. Neither is her testimony as to cruelty and indignities supported by any testimony except by a daughter nine years old. 76 Ark. 28.

2. The evidence is insufficient to sustain the decree. The finding of a chancellor is merely persuasive. 41 Ark. 292.

*Glen H. Wimmer* and *H. R. Whyte,* for appellee.

1. The grounds set up for divorce were proven and there is no error in the findings of the chancellor. Kirby's Digest, § 2672; 44 Ark. 429; 9 *Id.* 507; 103 Ark. 382.

HART, J. This is an action for divorce brought by Mary Williams against W. E. Williams on the statutory grounds that her husband had been addicted to habitual drunkenness for the space of one year and offered such indignities to her person as to render her condition intolerable. She also alleged that since their marriage she had purchased and paid for a home in the town of Des Arc, by her own earnings. She asked that her title to this be quieted.

The court entered a decree of divorce in her favor and also decreed that the title to the home in Des Arc be vested in her. The defendant has appealed.

One of the grounds for divorce alleged by the plaintiff was that her husband had been addicted to habitual drunkenness for the space of one year. We do not think the evidence supports this ground for divorce. It shows that the husband got on a protracted spree just before they separated and also that he had been drunk occasionally since their marriage.

This testimony was not sufficient to establish habitual drunkenness for a period of one year. *Chappell* v. *Chappell,* 83 Ark. 533; *O'Kane* v. *O'Kane,* 103 Ark. 382. The plaintiff also alleged that the defendant offered such indignities to her person as to render her condition intolerable. The chancellor found the issue generally in her favor on this ground. It is settled that the findings of favor of the plaintiff and this constitutes a finding in fact made by a chancellor will not be disturbed on appeal unless against the preponderance of the evidence.

Tested by this rule, we are of the opinion that the decree of the chancellor on the question of divorce should be affirmed.

The plaintiff, herself, testified that she and the defendant were married in 1905; that at the time she had two children by her former husband; that her husband would get drunk at intervals since their marriage and that they had been separated several times; that he would promise her that if she would take him back that he would do better; that he would keep his promise for a while and would then commence to abuse her and her children; that he would curse and abuse her children and threatened to kill them and that he wanted them to work instead of going to school; that he was quarrelsome and never treated her as if he had any affection for her; that he loafed around most of the time and that she had to make most of the living with the help of her children; that when he was drinking he would curse and abuse her; said that she had told lies and was lower down than a negro; that at the time she left him he had been on a protracted spree lasting for several weeks; that there were five empty gallon jugs on the place and some bottles which represented the amount of whiskey he had drunk on that spree.

One of her children and her half sister testified for her. They stated that defendant would often curse and abuse his wife and her children; that he cursed and abused her a great number of times in their presence during the last two years.

The boy stated that his step-father came home intoxicated on one occasion, and sat by the stove with his knife open and was cursing and using profane and vulgar language towards his mother; that his father would abuse his mother and threatened to slap her. He also corroborated his mother as to the occurrences during the protracted spree just before they separated.

The defendant testified in his own behalf and denied the testimony of his wife and denied the specific acts of ill treatment testified to by her and her boy. He admitted that he had been on a protracted spree at the time of their separation but said that he was sorry for it and tried to get his wife to return to him. He admitted that he drank whiskey occasionally but denied that he became addicted to the excessive use of intoxicating liquors. He introduced other witnesses who corroborated him in regard to his drinking. A cousin of his, who lived in the house with the parties prior to their separation, testified that the husband always treated her well until he got on the protracted spree which brought about their separation.

(1) As we have already stated, we think the finding of the chancellor on the question of divorce is not against the preponderance of the evidence. While the courts are not quick to interfere in domestic quarrels, the testimony of the plaintiff, her sister and her son, is sufficient to establish this ground of divorce. *Cate* v. *Cate*, 53 Ark. 484; *Haley* v. *Haley*, 44 Ark. 429; *Kurtz* v. *Kurtz*, 38 Ark. 119; *Kientz* v. *Kientz*, 104 Ark. 381.

(2) On the question of the home, we think the testimony fairly shows that it was paid for by the earnings of the wife. It is true the husband testified that he turned over his earnings to his wife. But is was his duty to support his family and the testimony does not show that he contributed very much towards the support of his family. The evidence shows that the wife kept boarders and earned most of the family's support and that she earned

the money which paid for the house they lived in. She testified to this effect and is corroborated by the agent of the person from whom the house was purchased. He stated that she paid all the money for the place and was the only person known in the transaction.

The decree will be affirmed.