Rust *v.* Caddo River Lumber Company.

Opinion delivered March 23, 1925.

Public Lands—Homestead—Public Policy.—As it is against public policy for a homesteader on government land to convey the land before issuance of a patent, where plaintiff claimed under a deed from a homesteader prior to the issuance of a patent thereto, he cannot complain that defendant's right of way was granted under a deed invalid for the same reason; the maxim *"In pari delicto potior est conditio defendentis"* applying.

Appeal from Montgomery Chancery Court; *J. P. Henderson,* Chancellor; affirmed.

*Hays, Priddy & Chambers,* for appellant.

*McRae & Tompkins,* for appellee.

Smith, J.    This suit was brought by appellant to enjoin appellee from building a private logging railroad across two tracts of land which appellant claims to own. One was a forty-acre tract, and the other was an eighty-acre tract, and they will be referred to herein as such.

It was shown that employees of appellee entered upon the forty-acre tract and commenced cutting out a right-of-way, and certain timber was destroyed. But it was also shown by the undisputed evidence that the employees of appellee entered upon this forty-acre tract by mistake, and, when the superintendent of construction saw what had been done, he immediately ordered appellee's employees off this tract, and reprimanded them for the mistake they had made. It is an undisputed fact that the entry upon the forty-acre tract was a mistake, and that the route of the railroad does not cross the forty-acre tract.

Appellee admits its intention to cross the eighty-acre tract, but alleges its right to do so under a right-of-way deed from the owner of the land.

It appears that one Ira Wheeler had entered both tracts as a homestead, but he did not complete his proof of improvements and occupation, and did not receive his patent until September 10, 1923. Prior to the issuance of this patent, Wheeler executed a right-of-way deed over the eighty-acre tract to appellee on February 16, 1923. On July 9, 1923, Wheeler executed a warranty deed conveying both tracts to A. H. and D. P. Whitsett, and the Whitsetts conveyed both tracts to appellant by a warranty deed dated September 10, 1923, this being the day upon which Wheeler received his patent.

A temporary restraining order was issued at the time of the institution of the suit, but this was dissolved on the final hearing, and the suit was dismissed as being without equity, and this appeal is from that decree.

The action of the court below in dismissing the complaint as being without equity is defended on several grounds, but we consider only one, as we find it decisive of this appeal.

It is insisted by appellant that the right-of-way deed to appellee was void because, at the time of its execution, Wheeler had not obtained a patent to the land, and, inasmuch as it is against the policy of the United States homestead law to permit the conveyance

of any part of a homestead before the entry is completed and the patent is issued, that the right-of-way deed was ineffective.

It is answered, however, that, if this be true, appellant is in no position to raise the question, for the reason that he claims under a deed from the Whitsetts, who themselves bought from Wheeler prior to the issuance of the patent to Wheeler; and such is the fact.

Wheeler had not completed his entry at the time he executed the right-of-way deed to appellee, but his deed to the Whitsetts was likewise executed to them before his entry was completed and the patent had issued.

The maxim, *In pari delicto potior est conditio defendentis,* applies. Appellant is asking affirmative relief, and he bases his cause of action on a conveyance which is open to the same objection as the one which he makes to the deed under which appellee claimed a right-of-way, and the cause of action was, for this reason, properly dismissed as being without equity. *Irons* v. *Reyburn,* 11 Ark. 378; *Cate* v. *Cate,* 53 Ark. 484; *O'Bryan* v. *Fitzgerald,* 48 Ark. 487; *Eager* v. *Jonesboro, L. C. & E. Express Co.,* 103 Ark. 288.

In affirming the decree of the court below we treat the case as one to enjoin the entry upon the eighty-acre tract alone, as appellee concedes that it had no right of entry upon the forty-acre tract, and has disclaimed any intention of doing so. There may be liability for the damage done by the mistaken entry upon the forty-acre tract, but we need not consider that question, here for the reason that this damage was done before appellant purchased the forty-acre tract, and he took no assignment of that cause of action.

The decree of the court below is therefore affirmed.